Pearson, J.
 

 The object of the reference was to settle the estate of Wm. Brown, dec’d., and by a proper construction of the bond it extends to all matters and things for, and on account of which, the defendant was liable, as executor, and in which the parties, who were children of the testator, were interested. The negro man, Stephen, had belonged to the testator. It was contended on the one side, that he belonged to the testator at the time of his death, and constituted a part of his estate, for which the defendant was liable to account ; on the other, it was contended that he did not belong to the testator at the time of his death, but had been transferred to one Polly Brison, who had transferred him to the defendant. Here was a matter of controversy, the settlement of which was necessary in order to settle the estate of the tes
 
 *127
 
 tator, and which constituted, in fact, a part of the settlement of the estate. We concur with his Honor in the opinion that the arbitrators did not exceed their powers.
 

 There can be no doubt that the testimony of the witness Moore, was competent. Parol evidence is not only admissible, but necessary, in order to.show what matters the arbitrators acted on. So, upon a plea of-former judgment, how can it be told whether the cause of action was the same or not, without proof as to the subject of the former trial ? There is no error.
 

 Pjek CueiaM. Judgment affirmed.