It is a general rule that where an arbitrator does not make his award upon all the matters submitted to him, the award is entirely void; and the defect may be shown as a defense to an action on the award. Watson on Arb. and Award, 59 Law Lib., 121. But where the submission is of all matters in difference, or of all disputes, without specifying them, the arbitrator may make his award only of such things as he has notice. Yet the award is good.Ibid. How can these rules be made of any practical benefit to parties unless parol evidence is admissible to show what matters were within the terms of the submission, or were brought to the notice of the arbitrator? That such evidence is *Page 159 
admissible for such purposes was directly decided by this Court, in Brownv. Brown, 49 N.C. 123. Indeed, on the trial of the very case now before us, the presiding judge, notwithstanding the submission was in writing, admitted parol evidence on the part of the plaintiff to (258) show that a certain matter was the only one submitted to the arbitrators; and it seems to us that upon the same principle the defendant ought to have been permitted to offer testimony to rebut that of the plaintiff, by showing that another matter was embraced within the terms of the submission, and was not acted on by the arbitrators.
But it is contended by the counsel for the plaintiff that the testimony offered by the defendant and rejected by the court was irrelevant, because it could tend to prove only that the arbitrators had committed a mistake in a matter of law, which, if so, would not hurt their award. That is true, if the mistake be committed when the arbitrators are acting within the scope of the authority conferred upon them, and upon matters within that scope. But it cannot be so as to an error in law, by means of which they are induced to embrace within their award a matter not submitted, or reject one which was submitted to them. See 1 Green. Ev., sec. 78. What are the terms of the submission, what is the true construction of such terms, and what things are embraced within them, may present questions of law or of fact; and when presented the questions can only be decided conclusively, not by the arbitrators, but by the proper judicial tribunals of the country. But when the arbitrators are acting within the bounds of their authority, and only within those bounds, then they are the judges of the parties' own selection, and their decisions on questions of law and of fact are binding on the parties, unless it can be shown that the arbitrators acted corruptly or committed gross errors or mistakes in making their award. See the same section of Greenleaf on Evidence.
His Honor having erred in rejecting the testimony offered by the defendant, the judgment must be reversed, and a
Venire de novo. (259)
Cited: Walker v. Walker, 61 N.C. 546; Osborne v. Calvert, 83 N.C. 371;Cheatham v. Rowland, 105 N.C. 222; Patton v. Garrett, 116 N.C. 858;Millinery Co. v. Ins. Co., 160 N.C. 141. *Page 160