# The Chicago and Michigan Lake Shore R. R. Co. v. Samuel R. Hughes.

*Arbitration: Record: Evidence: Requests for special findings: Preliminary findings: Awards.* Where a pending suit is submitted to arbitrators pursuant to the statute (*Comp. L., ch. 217*), and their award confirmed by the court and a judgment rendered upon it, the record under the statute (*Comp. L., § 6903*) does not regularly include the evidence before the arbitrators, nor requests made to them to find specifically on certain points, nor their findings in response to such requests; and the fact that these were returned by the arbitrators and filed in the court below, and are embraced in the return to the writ of error in this case, does not authorize this court to review them; and assignments of error based upon them will not be considered.

*Arbitrators: Award: Review.* Courts are not inclined to interfere with the doings of arbitrators upon any technical ground, or to bind them to the nice rules of pleading and evidence, or the principles of decision which control the action of more formal tribunals, or to review the original controversy on the merits; nor will the real determination be disturbed for mere error of judgment of the arbitrators upon any matter within the scope of the submission,

where no fraud has intervened, nor such a mistake as would seem to have caused the case to be so far misapprehended that the declared result does not express the real judgment of the arbitrators upon it.

*Judgment: Award: Expenses of arbitration: Costs.* The judgment of the court upon the award cannot be said to be inconsistent with the award because it provided for the payment of the costs of the court to be taxed, while the award provided that the expenses and charges of the arbitration should be mutually borne and paid by the parties; as the costs in court, and the expense of the arbitration, are two different things.

*Judgment: Releases: Record: Res adjudicata.* The objection to the judgment that it did not require the plaintiff to execute releases of certain claims found against him, as required by the award, is untenable; if any such thing would have been regular or legitimate in the body of the judgment, or if it be conceded that the award required the delivery of instruments of release (which it is thought is not the case), the insertion of an order requiring them was wholly unnecessary, as the judgment upon the award, with the record as it was made up, was a complete bar of record.

*Heard October 14. Decided October 21.*

Error to Berrien Circuit.

*F. A. Nims* and *Wilson H. Gray,* for plaintiff in error.

*Severens, Potter & Boudeman,* for defendant in error.

GRAVES, J.

The defendant in error having sued the company in the circuit court for Berrien county upon certain claims he made against them for services and commissions, the parties regularly submitted their controversy to arbitrators, pursuant to *chapter 217 of the Compiled Laws of 1871,* and agreed that the court should render judgment upon the award that should be made.

The submission so made embraced three demands by the defendant in error, namely :

*First.* For commissions (salary) earned by him as express agent at St. Joseph, from the 21st of February, 1870, to the 7th of February, 1871, and turned in by him to the plaintiff in error as a loan, being three hundred and eighty-two dollars and sixty-three cents ; also interest thereon.

*Second.* For services as superintendent of the company from January 1st to December 31st, 1871, at one thousand eight hundred dollars per annum ; and,

*Third.* For services rendered as special commissioner in soliciting and obtaining "aid" and securing right of way in Allegan and Ottawa counties from the 20th of July, 1870, to the 1st of March, 1871, at one hundred and fifty dollars per month.

The case was regularly heard by the arbitrators and a large amount of testimony was given upon the hearing. Both parties presented written requests for specific findings on particular points, and the arbitrators assumed to comply therewith, and finally, on the last day of July, 1872, they made their award in writing, and reported the same, with the evidence which had been given before them, together with the requests for finding, to the court. In their report to the court they embodied their conclusions upon the several matters respecting which they had been requested to find, and rejected all the claims of defendant in error aside from the claim for salary as superintendent. They however awarded to him twelve hundred dollars on that claim, and directed that he should release the company from all commissions earned by him as express agent while in the service of the company as superintendent at St. Joseph, and from all claim for services for the company as commissioner to obtain aid and right of'way while he was their superintendent. The award also provided that the expenses and charges of the arbitration should be mutually borne and paid by the parties.

In December, 1872, the company moved to set aside the award, but this motion the court, after hearing counsel for the respective parties, denied, and afterwards, on motion of the defendant in error, confirmed the award, and rendered judgment upon it, that the defendant in error recover of the plaintiff in error the sum awarded, being one thousand two hundred dollars, and the costs of the circuit court to be taxed. The judgment was in the usual common-law form, and contained nothing about the giving of releases.

A formal record was made up pursuant to the statute (*Comp. L.*, § *6903*), and the company sued out a writ of

error from this court. In answer to this writ we have before us not only this record, but all the evidence given before the arbitrators, the several requests made to them to find specifically on various points, and such findings as they were pleased to make in response to such requests.

The larger portion of the assignments of error take for granted that the evidence and the preliminary findings made pursuant to the requests of counsel, which have come up in this way, are regularly before us as materials to affect the judgment we ought to pronounce upon the writ of error. But this is a mistake. The evidence adduced to the arbitrators, though returned by them to, and filed in the circuit court, was not made a part of, or attached to, the record, and its appearance in the return to the writ of error directed to that court, does not permit us to consider it as an ingredient or branch of the record. And we also think that the preliminary findings made by the arbitrators in response to the requests of counsel, and reported to the court, are in no just sense an integral part of the substantial award or final judgment of the arbitrators. They are in the nature of interlocutory rulings, and have no fundamental bearing upon the final determination. The ultimate decision upon the claims made constitutes the real award, and it was that decision which afforded the basis for the judgment of the circuit court.

I think it is therefore open to much doubt whether these preliminary findings ought to be considered as matters regularly belonging to the record and returnable as such to a writ of error, but if they ought to be considered as strictly elements of the record, we think they are not open to review in this court. In later times, whatever the practice may have been at an early day, the law has earnestly favored the settlement of disputes in tribunals selected by the parties themselves, and it is very averse to interference with the doings of such tribunals upon any technical grounds, or in any way implying a right in the ordinary courts to bind arbitrators to the nice rules of plead-

ing and evidence or the principles of decision which con-
trol the action of such courts.    In case it becomes neces-
.sary to review the proceedings, the original controversy
will not be re-examined on the merits, nor will the real
determination be disturbed for mere error of judgment of
the arbitrators upon any matter within the scope of the
submission, and where no fraud has intervened, nor such a
mistake as would seem to have caused the case to be so far
misapprehended that the declared result does not express
the real judgment of the arbitrators upon it, the determi-
nation is conclusive and binding, and the courts will not
attempt to revise it.    So far then as the assignments of
error contemplate a consideration of the evidence, or depend
upon the findings which are independent of the real award
on which the judgment was given, they must be regarded
as raising no question we are at liberty to pass upon.      ,

This disposes of all the objections except such as relate
to a supposed injurious difference between the judgment and
the award.   . On this subject it is made a ground of com-
plaint that the judgment did not require the defendant in
·error to give to the plaintiff in error releases for the
rejected claims, and which claims the arbitrators decided
.should be released; and it is also objected that the judg-
ment awarded costs to the defendant in error while the
award required that the charges and expenses should be
borne mutually.

The last objection was not much insisted on, and is
plainly untenable.    The supposed incompatibility between
the judgment and the award on the subject of costs in fact
.does not exist, since the arbitrators did not assume to
to decide upon the recovery of the costs in court, but only
the charges and expenses attending the arbitration, and the
judgment, in giving costs to the defendant in error, con-
fined them to the costs in court.

In reference to the other ground of objection, that the
judgment contained no requirement for the execution and
.delivery of releases, it is enough to say in this case that if

any thing of the kind would have been regular or legitimate in the body of the judgment, or if it be conceded that the award required the delivery of instruments of release, which I think is not the case, the insertion of an order requiring them was wholly unnecessary.    The claims, and the final decision absolutely rejecting them, together with the explicit decision by the arbitrators that they should be released, appeared clearly and fully upon the record, and when the determination of the arbitrators was confirmed by the circuit court, and when that confirmation was acquiesced in by the defendant in error, the claims were released, and the judgment was a complete bar of record.

The judgment must be affirmed, with costs.

The other Justices concurred.