JAMES C. COOPER, ADM'R OF BENJ. HOLLAND v. A. ANDREWS AND JOSEPH REININGER.

*Arbitration and award—Review of award.*

Error does not lie on a judgment upon an award rendered by arbitrators under a statutory submission, where the submission is in due form, and the award is one that could have been lawfully made.

The statutory remedy against an award is by motion to vacate made at the next term, and the court may vacate it for cause, or order a rehearing, or modify and correct the award in certain cases. Comp. L., §§ 6896, 6899, 6900.

Error to Hillsdale.    Submitted June 11.    Decided June 16.

ARBITRATION AND AWARD.    Cooper brings error.    Affirmed.

*Dickerman & St. John* for plaintiff in error.

*L. H. Salsbury* for defendants in error.

CAMPBELL, J. Cooper brings error on a judgment upon an award, rendered by arbitrators under a statutory submission, concerning a controversy upon a lease. Several errors are assigned. The award was signed by two out of three arbitrators named. The objections made are that there is nothing to show that the arbitrators were sworn, or appointed a time and place for hearing, and that they did not sign officially, and did not all sign. Also that the award is uncertain, and extends beyond the submission, and does not disclose how much was due and unpaid on the lease. Also that Cooper could not lawfully make a submission; that the law knows no such person as A. Andrews, and that the arbitrators could not decide that the lessees should pay no more rent.

It does not appear from the record just what the lease was, and we cannot assume that it was in any such shape as to create any difficulty. It is referred to in the submission only by its date and description of lands. All that we can infer is that a controversy of some kind, which is not described, had arisen under it and that the parties were willing to settle it. And we cannot assume that the award, which required Cooper to pay damages to the amount of ninety dollars, and released the lessees from further rent, was in any way improper, or that any other award should have been made.

The objections taken are very technical, and in our opinion entirely unauthorized; and if there was any reason why this award should not have been made, the plaintiff has mistaken his remedy. The statute has expressly declared what the judgment record shall contain. It does not require anything more than a statement of the submission, hearing and award. Comp. L., § 6903. And the concurrence of a majority makes a good award if the case was properly heard. § 6895.

The statute provides that a party complaining of an award may apply to the court to vacate it. The grounds on which complaint may be made are all set forth. § 6896. This application must be made at the next term, and the court may vacate it for cause, and may order a rehearing if that is proper, or may modify and correct the award in certain cases. §§ 6899, 6900.

It was never designed that these amicable proceedings should fail for technicalities, or that the record should have any inferences raised against its correctness unless it shows on its face some palpable error. If any wrong has been done it must be affirmatively shown, and where mistakes have occurred, the submission may still be saved and a new hearing had if possible. The law favors and maintains proceedings of this sort as far as possible. *Beam v. Macomber* 33 Mich. 127; *City of Detroit v. Jackson* 1 Doug. (Mich.) 106; *Chicago & Mich. Lake Shore R. R. v. Hughes* 28 Mich. 186.

Error cannot be sustained on the record alone, if it shows what the statute requires. Here the submission was in due form, and the award was one which could have been lawfully made. This being so, any other objections should have been made by the proper application to the circuit court, where complete justice was possible.

The judgment must be affirmed with costs.

The other Justices concurred.