PHELPS *v.* WAYNE CIRCUIT JUDGE.

ARBITRATION AND AWARD—CONFIRMATION—REVIEW OF EVIDENCE.
Under the arbitration statute ( 2 How. Stat. chap. 292 ), where the proceedings of the arbitrators are regular, and an award is duly and legally made, such award should be confirmed by the court; it having no power to examine the evidence, and to vacate the award because, on such examination, it reaches a different conclusion from that of the arbitrators.

*Mandamus* by Ralph Phelps to compel Joseph W. Donovan, circuit judge of Wayne county, to set aside an order vacating an award by arbitrators. Submitted April 19, 1898. Writ granted May 10, 1898.

*Edwin F. Conely* and *Orla B. Taylor*, for relator.

*Emory T. Wood*, for respondent.

GRANT, C. J. The relator and one Cyrus Johnston entered into an agreement of arbitration, under chapter 292, 2 How. Stat. Three arbitrators were chosen. The proceedings were regular, and an award was duly and legally made. Relator moved for a confirmation. Johns-

ton moved to vacate the award, upon the ground that the arbitrators exceeded their powers.   Upon the hearing of the two motions, the former was denied, and the latter granted.   The grounds upon which such award may be vacated are defined in the statute (2 How. Stat. § 8482). Johnston claimed before the arbitrators that he should be allowed an item of $500. . This was contested by the relator.   The testimony was conflicting, and the arbitrators decided in his favor.   The circuit judge reviewed this evidence, and reversed the decision of the arbitrators.

The vacation of the award involved an examination into the testimony upon which the arbitrators based it. Courts do not possess this power, under the statute. *Chicago, etc., R. Co.* v. *Hughes*, 28 Mich. 186.   The circuit judge was in error in holding that it was in his power to vacate the award if, in his opinion, the ends of justice required it.   The award is conclusive, and the court can only refuse to enter judgment confirming it for one of the reasons specified in the statute.   Neither of these reasons existed.   The circuit judge, and not the arbitrators, exceeded his powers.   He should have confirmed the award.

The writ will issue as prayed.

The other Justices concurred.   .