JOSEPH M. JENSEN, Respondent, v. THE DEEP CREEK FARM AND LIVE STOCK COMPANY, a Corporation, A. V. TAYLOR, JOSEPH E. TAYLOR and DON C. TUFTS, Appellants.

No. 1481.   (74 Pac. 427.)

1. Arbitration: Scope of Award.
   Where parties submitted generally all claims and controversies arising out of a lease of a number of sheep, and a suit commenced thereon, to arbitration, it was the duty of the arbitrators to pass on every point in difference arising out of the transaction.

2. Same: Burden of Showing Omission: Presumption.
   Where there is an award by arbitrators in such terms as to indicate that all matters submitted were passed upon by them, though they are not specified, the burden of showing

a fatal omission is on those attacking the conclusiveness of
the award; every reasonable intendment being indulged to
sustain the award.

3. **Same: Law Favors.**
No rule of law forbids parties to a submission to arbitration to
agree to abide by the decision of the arbitrators, selected by
themselves, as to the matters in difference between them.

4. **Same: Award in a Gross Sum: Findings.**
Where mutual claims submitted to arbitration are all for money
damages, an award in a gross sum is sufficient, without
findings as to the separate claims.

5. **Same: Evidence: Transcript.**
The transcript of evidence given before arbitrators is admissi-
ble, in an action to recover the amount awarded, to show
that all matters submitted were considered and adjudicated
in making the award.

6. **Same: Testimony of Arbitrators.**
The testimony of arbitrators in an action on their award is
admissible to show that they considered all matters sub-
mitted to them in making the award.

(Decided December 9, 1903.)

Appeal from the Third District Court, Salt Lake
County.—*Hon. John E. Booth,* Judge.

Action on a bond to recover damages awarded by
arbitration. From a judgment in favor of the plain-
tiff, the defendants appealed.

. AFFIRMED.

*Albert W. Casey, Esq.,* for appellants.

*Ogden Hiles, Esq.,* of counsel.

An award must decide all the matters submitted,.
if it does not it is void *in toto.*

The arbitrators have no power to decide any mat-
ter unless they decide all. If they stop short and omit
any the power fails; and also the consideration on
which the parties entered into the contract of submis-

sion.   Morse on Arb. & Award, 343, and cases cited;
Randal v. Randal, 7 East. 81; McNear v. Bailey, 18 Me.
251; Archer v. Williamson, 2 Har. & Gill (Md.) 82;
Comer v. Thompson, Admr., 54 Ala. 265.   And see par-
ticularly:   Muldrow v. Norris, 12 Cal. 331; Jocelyn v.
Donnel and note, 14 Am. Dec. 754; Mitchell v. Stavely,
16 East. 58.

*Messrs. Brown & Henderson* for respondent.

*Messrs. Sutherland, Van Cott & Allison* of counsel.

The award is valid as it shows on its face as well
as by the evidence introduced that the arbitrators
passed on all matters submitted.   Thus, it will be seen
that the transcript of evidence taken before the arbi-
trators, showed that all matters were submitted to the
arbitrators relating to the controversies that arose over
the lease and the complaint and answer in which the
corporation was plaintiff.   The arbitrators testified to
the same effect, and it must be borne in mind that the
appellants introduced no evidence whatever to show
that all matters which were arbitrated were not sub-
mitted to the arbitrators, or to show that the arbitrators
did not pass on all matters submitted.   In other words,
the record is absolutely silent so far as negative testi-
mony is concerned to prove or tend to prove that the
arbitrators did not consider and pass upon all matters
submitted.

At this point we think it best to go over the law of
awards, so far as pertinent to this appeal, as it will tend
to point the law and the particular facts.   In Stearns v.
Cope, 109 Ill. 340, an award was attacked as being void.
On page 347 the court says:

"We fully recognize the rule that where several
distinct matters, not consisting of mere money de-
mands, are submitted to arbitration, the arbitrators
must consider, and by their award finally settle and dis-
pose of all such matters in difference; and this must
appear from the award itself.

"But the rule is to be understood with this qualification; that in order to impeach an award, made in pursuance of a conditional submission, on the ground only of part of the matters in controversy having been decided, the party must distinctly show that there were other points in difference, of which express notice was given to the arbitrator, and that he neglected to determine them." Karthaus v. Ferrer, 1 Pet. 222; Strong v. Strong, 9 Cush. 560; Bowman v. Downer, 28 Vt. 532; Young v. Kinney, 48 Vt. 22; Lamphire v. Cowan, 39 Vt. 420; New York, etc., Co. v. Schneider, 119 N. Y. 475; Ott v. Schroeppel, 5 N. Y. 482; Carsley v. Lindsay, 14 Cal. 390; 2 Ency. Law (2 Ed.), pp. 733-5.

The presumption of law is that the arbitrators have acted upon and adjudicated all matters submitted for decision unless the party complaining shows to the contrary by competent evidence. · Strong v. Strong, 9 Cush. 565; Karthaus v. Ferrer, 1 Peters 227; Carsley v. Lindsay, 14 Cal. 394-5; New York, etc., Co. v. Schneider, 119 N. Y. 479-80, 481; Young v. Kinney, 48 Vt. 22.

The transcript of evidence taken before the arbitrators and the evidence of the arbitrators were admissible for the purpose of showing that all matters submitted to the arbitrators were adjudicated.

The testimony of the arbitrators and the transcript of evidence taken on the trial before the arbitrators were properly admissible for the purpose of identifying the matters submitted and to prove that the arbitrators acted upon them. This testimony was not introduced for the purpose, neither did it have the effect of impeaching, contradicting or controlling the award. We recognize the rule of law that evidence is not admissible to impeach, vary or contradict the award, but it is proper to introduce evidence to show what points were submitted and decided, and to show that all points submitted were decided. No evidence was introduced in this case either to explain, contradict, vary, add to, or subtract from the award. The testimony was merely introduced to show that all matters submitted were ad-

judicated—counsel for appellants are entirely in error in saying that any evidence was introduced either to explain, vary, add to, change, modify or alter the award of the arbitrators. Testimony was introduced to show that all matters submitted were adjudicated, and evidence was introduced to show what was submitted, so that it would appear affirmatively that all such matters were adjudicated. The authorities establish these propositions overwhelmingly.

In Buck v. Spofford, 35 Me. 526, testimony was introduced to show that the arbitrators passed upon everything submitted. The court on pages 532-3, said:

"It is insisted that the testimony of the two referees is not legally admissible to identify the matters submitted, and to prove that they acted upon them. Objection can not prevail. Woodbury v. Northy, 3 Greenl. 85; Bixby v. Whitney, 5 Greenl. 192; 2 Greenl., Ev., sec. 78. The authorities cited do not decide otherwise. They do decide that a written submission or award can not be explained or varied by parol testimony." Evans v. Clapp, 123 Mass. 165; Brown v. Brown, 4 Jones (N. C.) 123; Hale v. Huse, 10 Gray 99; Stone v. Atwood, 28 Ill. 30; Sperry v. Ricker, 4 Allen 19-20; Shackelford v. Purket, 12 A. D. (Ky.) 426; Carter v. Shibles, 74 Me. 273; Walker v. Walker, Winston's Law (N. C.) 259; Osborne v. Calvert, 83 N. C. 365; Burchell v. Marsh, 17 How. (U. S.) 350; 2 Greenl. on Ev. (16 Ed.), sec. 78 and notes; Allen v. Miles, 4 Har. (Del.) 234; Stevens v. Gray, 2 Har. (Del.) 347; French v. New, 20 Barb. 481.

BARTCH, J.—It appears from the record in this case that on May 10, 1900, the plaintiff entered into an agreement in writing with the defendant company to lease and deliver to the company a certain number of sheep, of a certain kind and description, for a term of three years. The company, according to the terms of the agreement, was to pay as rental for the sheep annually a certain number of pounds of wool; and at the

expiration of the term the same number of sheep, with a specified number of the increase, were to be returned to the owner. At the time of the making of the lease the defendant company, as principal, and the other defendants, as sureties, made and executed a bond to the lessor, in the sum of $20,000, for the faithful performance by the lessee of its part of the contract of lease. It appears the sheep were delivered by the lessor and accepted by the lessee about the sixth day of December following, and, under the terms of the lease the lessor was given the right, under certain circumstances, to retake the sheep into his possession. Thereafter, by complaint sworn to June 24, 1901, the lessee brought an action against the lessor for damages in the sum of $19,700 for breach of the lease. In the complaint in that action it was charged that the sheep delivered were not in good condition; that a large number were old and diseased; that a large number of wethers and lambs were deceitfully put into the herd by the lessor, instead of ewes; that a certain number of rams were delivered by the lessor to the lessee as a separate transaction from the lease; and that these were diseased, and communicated the disease to other sheep in the herd. To that complaint, after admitting the lease, and delivery of the sheep in pursuance thereof, the defendant lessor entered a general denial as to all other allegations. Thereafter, on August 24, 1901, while the suit was pending, the lessor and lessee, for the purpose of adjusting all their differences and claims resulting from the lease, and with the approval of the sureties on the lessee's bond, entered into an agreement of arbitration, which, so far as material here, reads:

"Whereas, by contract of lease, . . . the said Jensen did deliver and lease certain sheep to the said Deep Creek Farm and Live Stock Company; and, whereas with reference thereto, various controversies have arisen which have resulted in litigation, as appears by copy of complaint and answer hereto annexed, in the suit brought by the said Deep Creek Farm and Live

Stock Company against said Jensen in the Third Judicial district court in the State of Utah, in and for the county of Salt Lake:

"Now, therefore, it is hereby agreed that the differences between said parties under said lease shall be submitted and referred to John C. Sharp and Charles R. McBride as arbitrators, and the said parties hereby agree to abide by such award as may be made by said arbitrators, and that the judgment and award by the said arbitrators shall be binding upon each of the parties to this agreement.

"It is further understood and agreed that whereas in said suit the said Jensen has demanded his said sheep under the terms of said lease, and said company has agreed and is ready and willing to deliver the same, the said Jensen shall take and receive all of the said sheep delivered to said company under said lease which said company may now have in its possession; but such return of said sheep to said Jensen shall not in any manner affect his right to be awarded damages, if any shall be found against said company, or loss or damage to the same accruing by the acts or omissions of said company under said lease; and it is understood and agreed that said arbitrators have power under this agreement to award damages to said Jensen, whether by nonpayment of rent under said lease, or otherwise, and said arbitrators shall have power likewise to find and award damages to said company in settlement of said controversies."

Afterwards the arbitrators had a meeting, heard the evidence of both parties respecting the matters in controversy, and, upon the parties submitting the case to them, considered the evidence and claims of the respective parties, and found, as to all matters submitted, in favor of the lessor, the plaintiff herein; awarding him damages in the gross sum of $17,594.62, sustained by the lessor because of a violation of the agreement and lease by the lessee. Thereupon, the lessee failing to comply with the award, the lessor instituted this suit

against defendant company, as principal, and the other defendants as sureties on the bond, to recover the amount of the award.   At the trial the court found that the arbitrators considered, passed upon, and decided all the matters in dispute, between the parties, under the lease and suit, according to the contract of arbitration, sustained the award, and entered judgment accordingly.

The principal question to be determined upon this appeal is whether the court erred in finding and deciding that the arbitrators passed upon and decided all the matters in controversy between the parties, relating to the lease and suit, according to the contract of submission.   It is contended for the appellants that the question respecting the rams, which constituted a distinct cause of action in the suit, which formed a part of, and was included within, the agreement of submission, was wholly omitted by the arbitrators, and not decided by them, and that such omission and failure to decide a matter in dispute, and contained in the agreement of arbitration, rendered the award void *in toto*.   The scope of the submission and of the decision in the arbitration proceedings must be determined from the agreement of arbitration and the award, and from such proof as may throw light upon the subject.   From the agreement of arbitration, it plainly appears that the controversies between the parties, including the suit in which the contract relating to the rams formed one of the causes of action, resulted from the contract of lease, and that all the claims of and differences between the parties under the lease and suit were submitted and referred to the arbitrators, and it was agreed ''that the judgment and award by the said arbitrators shall be binding upon each of the parties to this agreement.''   The submission was general, and did not specify any particular claim of either of the parties, but simply submitted to arbitrators the differences which grew out of the lease and suit, whatever such differences might be. Clearly, under that submission, the arbitrators had the power, and it was their duty, to consider and pass upon

not only all claims and controversies which had arisen between the parties because of the lease, but also to dispose of every cause of action which formed a part of the suit or litigation. The award was in writing, general and comprehensive as the submission. The instrument recites that the arbitrators met "from time to time and heard the evidence of the respective parties, and, having heard the arguments of their respective counsel, and having taken the matter under advisement and duly considered the same, now render this, our decision and award." It is further stated in the instrument that the lessor delivered the sheep stipulated for in the lease; that they were satisfactory to the lessee at the time of delivery, no objection being made at that time to them; that the lessor had complied with all the terms and conditions of the lease to be by him performed; and that the lessee had violated the lease and agreement in several particulars. After making these statements and findings, the arbitrators made an award in favor of the lessor, in a total sum of money, as damages sustained by him. It will thus be observed that at the hearing before the arbitrators both parties were represented by counsel, introduced evidence, made their arguments, and submitted the case; that the same was taken under advisement, and thereafter an award made; and that the award is coextensive with the submission. Although all the matters included in the submission are not specially and particularly mentioned in the award, yet the language of the award is such as to clearly indicate that all matters submitted were considered and passed upon by the arbitrators; and this also appears from the evidence introduced upon the trial of this action, and from the findings of the court. Such was the effect of the testimony of the arbitrators themselves. Nor did the appellants introduce any evidence showing that any matters submitted were not passed upon by the arbitrators, and yet the burden of proof was upon the defense to show some fatal omission, if they wished to avoid the conclusiveness of the award. The language

employed therein is comprehensive enough to include all matters in controversy under the submission, and every reasonable intendment must be indulged to sustain the decision of the arbitrators.

The modern doctrine of juridical law tends strongly to favor the settlement of controversies by arbitration, and there is no intendment against such awards; the presumption in each case being, in the absence of proof to the contrary, that the arbitrators performed their duties in accordance with the contract of submission. "The inclination of courts is always to sustain an award, and every reasonable intendment and presumption will be made in favor of its being a final determination of all the matters submitted. Consequently it will be presumed, where there is no evidence to the contrary, that all matters and claims presented by either party as to their mutual difference were considered by the arbitrators in arriving at their award. The award will not be avoided unless it is clearly shown that the matters submitted have not been determined by the arbitrators." 2 Am. and Eng. Ency. Law (2 Ed.), 736. No rule of law forbade the parties to the submission to agree to abide by the decision of the arbitrators selected by themselves as to the matters and claims which grew out of the lease and suit, and he who desires to shake off the consequences of such agreement has the burden to overthrow the presumption that the award covers all the matters of the submission. This is not a case where several distinct and separate matters, other than mere pecuniary demands, are submitted to the arbitrators, and where all matters in difference must be considered and finally settled, and must so appear from the award itself—as, for instance, where the submission embraces a controversy over the ownership of several distinct pieces of property. In such case, if the arbitrators were to fail to determine the question of ownership as to all the pieces of property, when evidence had been submitted as to all, a contention like that of the appellants herein might avail to render void the award.

In the case at bar the record shows that each party to the submission claimed damages or pecuniary compensation against the other. All the demands of both parties against each other embraced within the submission were money demands, and therefore when the arbitrators found a certain sum in money was due the respondent, and awarded him that sum, such award was of itself indicative of a full and complete execution of the submission. This is so whether the demands are the result of contractual relations or of litigation between the parties. In such case, where there is no evidence to the contrary, the presumption is that the arbitrators performed their duties in good faith, and that all matters embraced within the agreement of arbitration were duly considered and determined as expressed in the award. Nor is it necessary in such case that all matters separately stated in the submission should be specifically mentioned in the award. "Where divers matters in difference are submitted, an award of a gross sum of money by way of determination of them all is sufficiently final, provided they are of such a nature that an award of this kind can reasonably be supposed to determine them. It is true that the award must dispose forever of all the matters submitted and that an award of this nature does not show either what was submitted, or how any specific matter was determined. But the first of these functions should be performed by the submission, and the second is not absolutely necessary to be performed at all. It is shown that certain matters were submitted. It is shown that an award intrinsically capable of disposing of them all has been rendered. The conclusiveness and finality are perfect, and are not impeached, as matter of law, by the necessity for going outside of the award to find out what was determined by it, or by the impossibility of discovering the opinion of the arbitrator upon any specific point." Morse on Arbitration & Award, 350. The Supreme Court of Illinois, in Stearns v. Cope, 109 Ill. 340, speaking through Mr. Justice Mulkey, after recognizing the rule that when

several distinct matters, not consisting of mere money demands, are submitted to arbitration, the arbitrators must consider, and by their award finally settle and dispose of, all such matters in difference, and that this must appear from the award itself, said: "Where, however, the controversy relates, as in the present case, to gross money demands, whether in suit or not, or where, in any case, the circumstances are such that the arbitrators will be warranted in requiring the party who, upon the whole, appears to be in default, to pay to the other a gross sum of money, it is not necessary, nor is it the better practice, for the award to show upon its face just how the result was reached, or, in other words, how each item of their respective demands was disposed of. It is sufficient if the award is responsive to, and is fairly embraced within, the submission. The awarding of a gross sum of money in such case will be presumed to be a complete adjustment of all matters of difference embraced in the submission." In Karthaus v. Yllas y Ferrer, 1 Pet. 222, 7 L. Ed. 121, where it was claimed that the award did not comprehend all the subjects in dispute contained in the submission, Mr. Justice Trimble, delivering the opinion of the court, after referring to the general rule that where several distinct matters are submitted to arbitration, each of such matters must be adjudicated by the arbitrators, said: "But the rule is to be understood with this qualification: That, in order to impeach an award, made in pursuance of a conditional submission, on the ground only of part of the matters in controversy having been decided, the party must distinctly show that there were other points in difference, of which express notice was given to the arbitrator, and that he neglected to determine them. . . . It is a settled rule in the construction of awards that no intendment shall be indulged, to overturn an award, but every reasonable intendment shall be allowed, to uphold it. Thus, if a submission be of all actions, real and personal, and the award be only of actions personal, the award is good, for it shall be presumed no actions

real were depending between the parties." So, in Strong v. Strong, 9 Cush. 560, where it was contended that certain matters, submitted for arbitration were not expressly mentioned in the award, Mr. Justice Cushing, on this subject, said: "As to this portion of the award, it was argued, under the first specification of defense, that the award does not cover the demand for reimbursement, because that reimbursement, though expressly mentioned in the submission, is not expressly mentioned in the award; but we think that, in a submission of all demands, where money is claimed on either or both sides, an award between the parties of a balance to be paid by either is a conclusion of the matter in controversy, without a detailed account or other statement of those matters." Likewise, in N. Y., L. & W. W. Co. v. Schneider, 119 N. Y. 475, 24 N. E. 4, Mr. Justice Gray, speaking for the court, said: "In the absence of some positive proof of neglect or refusal by the arbitrators to decide any of the particular matters presented under the submission, the presumption holds good that their award covers all of the submission. The parties certainly were bound, under their general submission, to claim before the arbitrators all the demands coming within the scope of the submission, and in this case the absence of negative proof forbids our disregarding the general presumption that every such demand was laid before them. I think a party is bound, by the very spirit and letter of a general submission, to submit every demand he has arising out of the transaction or contract; and, if he fails to do so, he should not be heard to complain, in the face of a general award, that there were matters omitted to be passed upon. I think the rule should be a settled one that the submission by parties of all matters in dispute growing out of a particular transaction or contract will estop them from thereafter claiming that the award is not conclusive, if its language and terms, when fairly regarded, are comprehensive. The presumption should be strongly upheld by the courts that the arbitrator's decision was

a final adjustment of all matters in controversy."
Morse on Arbitration and Award, 348-350; 2 Am. &
Eng. Ency. Law (2 Ed.), 733-735; Carsley v. Lindsay,
14 Cal. 390; Lamphire v. Cowan, 39 Vt. 420; Ott v.
Schroeppel, 5 N. Y. 482; Bowman v. Downer, 28 Vt.
532; Sperry v. Ricker, 4 Allen 17; Houston v. Pollard,
9 Metc. 164; Young v. Kinney, 48 Vt. 22; Boston Water
Power Co. v. Gray, 6 Metc. 131; Hodgkinson v. Fernie,
3 B. C. (N. S.) 189.

From the foregoing considerations, we are of the
opinion that the court did not err in finding and decid-
ing that all matters included in the submission were ad-
judicated by the arbitrators.

The appellants also complain of the action of the
court in admitting in evidence the transcript of the tes-
timony taken before the arbitrators, and the evidence of
the arbitrators. It is insisted that such evidence
**5, 6** was incompetent, irrelevant, and immaterial, and
could not be received to alter or amend the written
award. While it is true that the evidence in question
could not be received to vary or control the terms of the
written award, still such proof was admissible for the
purpose of showing that all the matters included in the
submission were considered and adjudicated by the ar-
bitrators, and of showing what entered into their decis-
ion, and it does not appear that the evidence objected
to was admitted for any other or illegal purpose. "It
often becomes necessary, in determining what questions
are concluded by the award, or whether the award is in
itself binding upon the parties, to show by parol evi-
dence what took place before the referee, what was in
controversy before him, and what matters entered into
his decision. The referee is a competent witness him-
self to establish these facts." Evans v. Clapp, 123
Mass. 165, 25 Am. Rep. 52. In Brown v. Brown, 49
N. C. 123, where one Stephen Moore, who was the only
survivor of the arbitrators, was called as a witness to
prove what the arbitrators considered and acted upon,
Mr. Justice Pearson, speaking for the court, said:

"There can be no doubt that the testimony of the witness Moore was competent. Parol evidence is not only admissible, but necessary, in order to show what matters the arbitrators acted on. So, upon a plea of former judgment, how can it be told whether the cause of action was the same, or not, without proof as to the subject of the former trial? There is no error." Buck v. Spofford, 35 Me. 526; Hale v. Huse, 10 Gray 99; Stone v. Atwood, 28 Ill. 30; Shackleford v. Purket, 12 Am. Dec. 422; Carter v. Shibles, 74 Me. 273; Osborne v. Calvert, 83 N. C. 365.

Nor do we think, as contended for the appellants, that the court erred in finding and deciding that the arbitrators, in their award, made no mistake of law as to any material matter or point.

We find no reversible error in the record. The judgment is affirmed, with costs.

BASKIN, C. J., and McCARTY, J., concur.