## GIANNOPULOS v. PAPPAS.

No. 5199. Decided October 28, 1932. (15 P. [2d] 353.)

444

*A. H. Hougaard,* of Salt Lake City, for appellant.

*Harry G. Metos,* of Salt Lake City, for respondent.

FOLLAND, J.

This is an appeal from the order and judgment of the district court of Salt Lake county confirming an award made by arbitration. Giannopulos and Pappas were partners in the running of certain sheep under a lease from Jim Monaghan. A dispute arose between the partners which they decided to submit to arbitration. An arbitration agreement in writing was entered into by them on September 2, 1930, the material parts of which are as follows:

"Whereas, Jim Giannopulos and Angelo Pappas have been operating approximately 1,450 head of ewes, more or less, as partners to run and operate under terms and conditions of the Jim Monaghan lease, and,

"Whereas, there is some disagreement in the settlement of partnership affairs, the respective partners hereby covenant and agree to perform the following conditions, to wit:

"Each partner hereby agrees to select a representative and the two so selected shall select a third representative and the three so selected shall determine the equities between the partners and each partner hereby agrees to abide and perform the judgment of the Arbitration Board."

The arbitrators appointed pursuant to this agreement met November 15, 1930, and made an award as follows:

"We a body of three arbitrators, A. S. Erickson, Harry Mahleres, and Julian Neff acting to settle existing differences between James

Giannopulos of Salt Lake City and Angelo Pappas of Price, Utah, after considering all the facts in the case recommend the following terms of settlement:

### Expenses Allowed

| | |
|---|---:|
| Pappas expenses | $2,088.93 |
| Check paid by Jim Giannopolus | 600.00 |
| Giannopolus expenses | 885.78 |
| Taxes | 117.76 |
| Range | 161.92 |
| Four rams lost | 50.00 |
| Depreciation on 25 rams | 120.00 |
| Depreciation on sheep numbering 1,425 head | 828.00 |
| John Coulus | 200.00 |

$5,062.39

Due to Angelo Pappas 1,775.44

$6,837.83
$1,775.44

Held out as per statement attached hereto 200.00

$1,575.44

### Receipts

| | |
|---|---:|
| 775 lambs | $3,658.00 |
| 84 lambs | 182.24 |
| Wool | 1,720.92 |
| Lambing ground | 425.00 |
| Giannopolus checks | 56.05 |
| Supplies to Mellos | 10.00 |
| Last years settlement | 647.62 |
| | 116.00 |
| | 22.00 |

$6,837.83

"A. S. Erickson
"Harry Mahleres
"Julian Neff
"November 15, 1930.

"Hyrum S. Erickson, Witness.

"It is hereby mutually agreed to withhold $200.00 Two hundred Dollars, from Angelo Pappas' credit until we can determine by proof that he has paid this amount upon 1929 lease covering items specifically referred to in about the following language, 'Gust Pappas and

James Monaghan agree that the following items have been paid to James Monaghan after Jim Giannopolus settlement with Angelo Pappas.'

"A. S. Erickson<br>"H. J. Mahleres<br>"Julian Neff

"H. S. Erickson, Witness."

On January 12, 1931, Angelo Pappas gave notice to Jim Giannopolus of his motion to confirm the award and filed such motion in the district court of Salt Lake county. In response to the motion to confirm, Giannopolus filed a verified answer in which he set up affirmatively reasons why the award should not be confirmed but should be annulled and vacated, and prayed that the court make an order vacating the award, and that Angelo Pappas take nothing by the proceeding. The answer is supported by affidavits signed by two of the arbitrators. No reply or denial of any kind was filed to the answer and supporting affidavits. After a hearing at which the only matters before the court were the motion, answer, and affidavits, and at which no additional evidence was offered or taken, the court confirmed the award and entered judgment in favor of Pappas and against Giannopolus for the sum of $1,775.44. Giannopolus then filed a motion for a new trial, and, in addition to the other grounds stated in his answer theretofore filed, alleged for the first time that the award appeared on its face to be void as not a final adjudication of the rights of the partners. An amended motion to vacate the award was filed and considered by the court at the same time. These motions were denied. This appeal is taken from the judgment entered and the order denying a new trial.

These proceedings were instituted under the provisions of the Uniform Arbitration Act, Laws of Utah 1927, c. 62, p. 100. The act provides that two or more persons may agree in writing to submit a matter of arbitration; that the arbitration agreement must state the question or questions to be submitted with sufficient definiteness to present

one or more issues or questions upon which an award may be based; that the arbitrators shall appoint a time and a place of hearing and notify the parties thereof and may adjourn the hearing from time to time as may be necessary; that the award shall be in writing signed by the arbitrators or a majority of them and shall definitely deal with all matters of difference in the submission requiring settlement, or the arbitrators may in their discretion make a partial award which shall be enforceable in the same manner as a final award; that at any time within three months after the award is made, unless time is extended, any party to the arbitration may apply to the court for an order confirming the award, and the court "shall grant such an order unless the award is vacated, modified, or corrected" as provided in the act. An order vacating the award may be made upon application of any party to the arbitration on the following grounds:

"(a) Where the award was procured by corruption, fraud or other undue means.

"(b) Where there was evident partiality or corruption in the arbitrators, or either of them.

"(c) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced.

"(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award, upon the subject matter submitted was not made."

Appellant urges the following objections to the confirmation of the award: (1) That the award of the arbitrators was not final; (2) that the award does not conform to the agreement of submission; (3) that appellant was not afforded a fair opportunity to be heard and present his evidence; and (4) that the court, in passing on the motion to confirm the award and the motion to vacate, did not give consideration to the affidavits of the two arbitrators filed in support of the motion to vacate. These objections it is

claimed come within the provisions of the act as supplying grounds for annulment of the award. Respondent contends that the only question to be considered on this appeal is whether the trial court "erred in ruling the affidavits of the arbitrators are insufficient and incompetent to vacate the award."

A bill of exceptions was settled and filed, but it does not disclose any rulings by the court on the question of admissibility of the affidavits of the arbitrators. The bill discloses that no evidence was offered or submitted by either party except the affidavits of the two arbitrators and the motion and answer filed in the case. The court made no findings of fact and undoubtedly decided the case on the theory that the answer, which was not denied, aided by the affidavits, did not state sufficient facts to justify an annulment of the award. The pleading filed by the appellant is denominated an answer, but we think in legal effect it may be regarded as a motion to vacate the award, since it affirmatively sets out reasons why such should be done and prays that the award be vacated and that plaintiff take nothing. We are justified in looking at the substance rather than the form of the document, particularly since no point is made that the motion was not in the form required by the statute. The answer or motion to vacate presented an issue of fact and called for a reply or answer. None was filed. The affidavits of the arbitrators Erickson and Neff were filed by appellant in support of the answer or motion to vacate. There was no denial of the matters or things stated in the affidavits. Such competent and material statements of fact as are contained in the answer and motion to vacate and in the affidavits must, for failure to deny, be taken as true. On the record the only question before us is whether the verified answer and supporting affidavits state facts sufficient to furnish grounds for annulment of the award under the provisions of the act. If they do, the judgment must be set aside and a new trial granted.

It is generally recognized by the authorities that the award of arbitrators, acting within the scope of their authority, determines the rights of the parties to it as efficiently as a judgment secured by legal procedure and is binding on the parties until set aside or its validity ▇▇ is questioned in some proper manner. 2 R. C. L. 386. The purpose of the law is to encourage persons who wish to avoid delays incident to legal action to obtain a settlement of their differences by arbitrators of their choosing. To this end arbitration is favored in the law as a speedy and inexpensive metheod of adjudicating differences by a tribunal whose award is final. Ordinarly a court has no authority to review the action of arbitrators to correct errors or to substitute its conclusion for that of the arbitrators acting honestly and within the scope of their authority. 2 R. C. L. 389; *Bivans* v. *Utah Lake Land, Water & Power Co.*, 53 Utah 601, 174 P. 1126; *Jacob* v. *Pacific Export Lumber Co.*, 136 Or. 622, 297 P. 848; *Utah Constr. Co.* v. *Western Pac. Ry. Co.*, 174 Cal. 156, 162 P. 631. The statute has provided a method by which an award thus made may be given legal sanction and reduced to judgment by summary proceedings in the nature of a motion filed in court. The statute also has designated the grounds by which the award may be vacated or set aside, and it is generally held that no other grounds than those specified can be taken advantage of in such proceeding. 5 C. J. 200; Sturges Commercial Arbitration and Award 861; *Phelps* v. *Donovan, Wayne Circuit Judge*, 117 Mich. 35, 75 N. W. 94; *Utah Constr. Co.* v. *Western Pac. Ry. Co.*, supra.

There are no allegations that the award was obtained by means of fraud or corruption, so these statutory grounds may be dismissed from consideration. The allegation is that one of the arbitrators was guilty of partiality and of misbehavior in the particular stated by which ▇ the rights of appellant have been prejudiced. The .parties have a right to be heard on their proofs, and it is the duty of arbitrators to hear all the evidence material to

the matter in controversy. Refusal to review material testimony is such misconduct as affords sufficient ground for setting aside the award. See cases in note 8 Ann. Cas. 510.

Here the charge of misconduct does not reach all the arbitrators, but only one of them. By his conduct, as alleged and not denied, appellant was precluded from presenting material testimony to his prejudice. Appellant cannot complain that he did not have sufficient notice of the meeting of the board of arbitration because by his pleading he indicates that he knew of such meeting, and made no objection to it. He does not complain that all the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown because he did not appear before the board and submit an application for postponement or make any showing of sufficient cause. What is complained of, however, is that appellant, while the arbitrators were in session, telephoned to one of them, Harry Mahleres, and requested of him that he be given further time in which to present certain necessary evidence with respect to the Jim Monaghan lease and certain claims of expenses and obligations which had been incurred by him as one of the partners in the operation of the sheep, and it is alleged and not denied that the arbitrator Mahleres assured him that he would be given an oportunity before the award was made to present such further evidence. This arbitrator could have advised him to come before the board with his request for postponement and show sufficient cause to justify favorable action. This he did not do, but on the contrary assured appellant that such additional time would be granted. It is further alleged and suported by the affidavits of the arbitrators Erickson and Neff that no such request for delay was conveyed by Mahleres to the other arbitrators. Such conduct amounts to misbehavior on the part of the arbitrator in thus misleading appellant and lulling him into a sense of security so that he did not press his application for postponement by presentation of the matter to the whole board. Such misbehavior comes within the

provisions of the last part of subdivision (c) of section 16 of the act.

It must further appear to be effective that misbehavior on the part of an arbitrator is such "by which the rights of any party have been prejudiced." We may now look into the allegations of the answer to determine whether any prejudice resulted from the inability of appellant to present the matters alleged to the board. It is alleged that the partners leased from Jim Monaghan and operated a herd of 2,456 sheep from November 24, 1929, to November 24, 1930, and that this controversy between the partners relates to the operation of those sheep during that period; that in November, 1929, 980 head out of this herd of sheep were leased by the partners to Louis E. Allred under a certain lease agreement; that in October of 1930 when the controversy arose between the partners appellant agreed to assume the responsibility of the Allred lease and treat the partnership as having operated only 1,476 head of sheep, whereupon the arbitration agreement was executed looking to a settlement of the affairs of the partnership on that basis only. The written arbitration agreement refers merely to a herd of 1,450 sheep, more or less, as the subject-matter of the dispute. It is alleged that after the execution of the arbitration agreement Pappas insisted that he be considered as a partner in the Allred lease of the 980 sheep, and it was then and there agreed and understood by the parties that the additional matter of the operation of the whole herd of 2,456 sheep, including the Allred lease of 980 head, be considered by the arbitrators in adjudicating the affairs of the partnership. Complaint is now made that appellant did not have opportunity, by reason of the conduct of Mahleres, one of the arbitrators, to present the facts with relation to this matter to the arbitrators before an award was made and that it was necessary for him to do this in order to have a full and fair arbitration. There is no allegation that this supplemental agreement was ever reduced to writing or that it was called to the attention of the arbi-

trators. The statute requires that an arbitration agreement shall be in writing and state with sufficient definiteness the subject-matter of the arbitration so as to present one or more issues or questions. It follows that the arbitrators were restricted to the issues or questions presented in the written agreement for arbitration and could not, without a supplemental agreement in writing, consider or determine other matters not mentioned in the original agreement. Appellant suffered no prejudice by reason of his inability to present, and consequent failure of the arbitrators to consider, any of the facts relative to the additional matter alleged to have been agreed between the partners to be submitted to the arbitrators at the same time and as part of the controversy between them with respect to the operation of the herd of 1,450 sheep.

In appellant's answer and motion to vacate the award it is alleged that by reason of the misconduct of the arbitrator Mahleres in the particular stated, appellant was prevented from presenting, and did not present, to the arbitrators several items of expenditures which he had made and obligations which he had incurred in the operation of the herd of sheep, the subject-matter of the arbitration, and that the arbitrators reached their conclusions and made the award without this inforamtion. These items of expense were properly admissible in evidence before the arbitrators and should have been considered by them had they been presented. Undoubtedly appellant was prejudiced in a substantial right by the award being made without these matters having been presented.

Another matter alleged is that the arbitrators in making the award proceeded on the theory that respondent was entitled to all of the profits resulting from operating the sheep and had failed to follow the terms of the submission wherein it is said the award was to be on the basis of a partnership between the parties. It is alleged that the board did not have the partnership agreement before them and that appellant would have submitted such

agreement had he been given the opportunity. The award on its face seems to bear out the charge that it is based on the theory that respondent was entitled to all the profits. A list was made of expenses allowed and of all the receipts. The total amount of expenses is then deducted from the total amount of the receipts, leaving a balance of $1,775.44 which is said to be "due to Angelo Pappas." The affidavits of the arbitrators state as a fact that the board in making the award treated Pappas as entitled to all the profits and that the lease agreement was not before the arbitrators while considering the matter and was not given consideration by them in making the award.

It is alleged that the apportionment for replacement of sheep is not in accordance with the Monaghan lease and that the apportionment arrived at would have been different had this lease been before the arbitrators and considered by them. Failure of the arbitrators to consider the terms of the Monaghan lease, in respect to the matter of the lease and its provisions, and also to properly conceive of the question of partnership profits, was prejudicial to the rights of appellant.

In support of appellant's allegations that the matters mentioned were not considered by the arbitrators the affidavits of Aribitrators Erickson and Neff were filed and relied on. It is the general rule, supported by great weight of authority, that an arbitrator may not by affidavit or testimony impeach his own award or show fraud or misconduct on the part of the arbitrators or any of them. 5 C. J. 243; Sturges, Com'l Arbitration & Award, p. 781. On the other hand, testimony by an arbitrator is admissible to establish what matters were presented to and considered by the arbitrators, and any arbitrator is a competent witness to establish such facts. *Jensen* v. *Deep Creek Farm & L. S. Co.,* 27 Utah 66, 74 P. 427; 5 C. J. 243. So far as the affidavits of the arbitrators tend to show what matters were or were not presented to and

considered by them in reaching a decision such affidavits were entitled to be considered by the court.

Appellant urges that the award shows on its face that it is not final, for the reason that after stating, "due to Angelo Pappas $1,775.44," is the further statement, "held out as per statement attached hereto $200.00." The award was signed by all the arbitrators, as was also the statement attached which we have quoted in full above. The demands of both parties have reference to money demands. It is the general rule in such cases that where arbitrators find that a certain sum in money was due, such finding or award is an indication of a full and complete execution of the submission. *Jensen* v. *Deep Creek Farm & L. S. Co.*, supra. The award here, however, indicates that only $1,555.44 is presently due Angelo Pappas with a possible $200 more on a certain showing to be made by him. The record does not disclose that any showing was made to the arbitrators or to the trial court which would justify the inclusion of the $200 item in the judgment. By the act, Laws of Utah 1927, p. 103, provision is made for a partial award which shall have the same effect as a final award. If this award be regarded as a partial award, or as final to the extent of $1,555.44, the court should, unless the award be annulled, have entered judgment for the sum of $1,555.44, only. Objection is made by respondent that the question of finality of the award was raised for the first time on motion for a new trial. The question was at that time properly presented to the court, and we see no good reason why the judgment should not have been corrected at that time. If this were the only question involved, we might require a remission of $200 to be filed by respondent, or on his failure so to do, remand the cause for a new trial. In view that a new trial must be granted there is no necessity for such order.

The judgment of the district court of Salt Lake county is reversed, with direction to grant a new trial with permission in respondent, if he should so desire, to file a plead-

ing to the answer and motion to annul the award.  Costs to appellant.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.