HATFIELD *v.* SAFECO INSURANCE COMPANY

1. ARBITRATION AND AWARD—JUDICIAL REVIEW.

A court, in reviewing an arbitration award, may not substitute its own judgment for that of the arbitrator's.

2. ARBITRATION AND AWARD—VACATION OF AWARD—INADEQUATE AWARD.

Vacation of arbitration award because the trial court believed it inadequate was error where the record did not show any defect in the arbitration proceedings (GCR 1963, 769.9[1][c]).

Appeal from Oakland, William John Beer, J. Submitted Division 1 March 10, 1971, at Detroit. (Docket No. 9246.) Decided March 25, 1971.

Complaint by W. F. Hatfield and Katheryn Hatfield against Safeco Insurance Company to recover on an insurance policy. Plaintiffs' motion to vacate arbitration award granted. Defendant appeals. Reversed and remanded.

*Hatfield, Raguso & Peterson* (by *Thomas Raguso*), for plaintiffs.

*Lizza & Mulcahy* (by *John B. Lizza*), for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award §§ 159–161.
[2] 5 Am Jur 2d, Arbitration and Award §§ 167–189.

Before: Danhof, P. J., and McGregor and Levin, JJ.

Danhof, J. Defendant is appealing an order setting aside an arbitration award. The defendant is an insurance carrier and the plaintiffs are the insured. The plaintiffs were injured by an uninsured motorist and sought to recover from the defendant. A dispute arose over the amount of the defendant's liability and the plaintiffs requested arbitration in conformity with the arbitration clause in the contract of insurance. The arbitrator made an award in the amount of $875 and the plaintiffs sought to have the order set aside. The trial court held that the arbitrator had exceeded his powers and set the award aside under GCR 1963, 769-.9(1)(c). The parties appear to be in agreement that the court rule is controlling.

A hearing was held by the judge on the plaintiffs' motion and testimony was taken regarding the plaintiffs' medical expenses and loss of income. After hearing the testimony the trial judge indicated that he believed that the arbitrator's award was inadequate. All of the testimony was directed to the adequacy of the award.

The trial court based its decision on its finding that the arbitrator had not awarded adequate compensation for lost income.

In reviewing an arbitration award a court may not substitute its own judgment for that of the arbitrator's. In *The Port H. & N. R. Co.* v. *Callanan* (1887), 61 Mich 22, 26, Justice Campbell said:

"There is power in a court of equity to relieve against awards in some cases where there has been fraud and misconduct in the arbitrators, or they

have acted under manifest mistake, and perhaps in some defined and undefined cases. But it is evident that there are great objections to any general interference by courts with awards. They are made by a tribunal of the parties' own selection, who are, usually at least, expected to act on their own view of law and testimony more freely and less technically than courts and regular juries. They are also generally expected to frame their decisions on broad views of justice, which may sometimes deviate from the strict rules of law. It is not expected that after resorting to such private tribunals either party may repudiate their action and fall back on the courts. And equity, on whatever pretext it may intervene in such cases, does so upon the reason that the tribunal has not really acted within the lines of the duty laid upon it, and has not in fact carried out the agreement under which it has obtained authority to proceed."

In *Phelps* v. *Wayne Circuit Judge* (1898), 117 Mich 35, 36, the Court said:

"The vacation of the award involved an examination into the testimony upon which the arbitrators based it. Courts do not possess this power, under the statute. *Chicago,* * * * *R. Co.* v. *Hughes* [1873], 28 Mich 186. The circuit judge was in error in holding that it was in his power to vacate the award if, in his opinion, the ends of justice required it. The award is conclusive, and the court can only refuse to enter judgment confirming it for one of the reasons specified in the statute. Neither of these reasons existed. The circuit judge, and not the arbitrators, exceeded his powers. He should have confirmed the award."

In this case the court simply held a hearing on the merits and arrived at its own conclusions. The record before us does not show any defect in the

arbitration proceedings, and therefore, the order of the circuit court must be reversed.

Reversed and remanded, costs to the defendant.

All concurred.