UTILITY TRAILER SALES OF SALT LAKE, INC., Profit Sharing Retirement Plan and Trust, Petitioner and Respondent,

v.

James D. FAKE, Claimant and Appellant.

No. 19830.

Supreme Court of Utah.

July 27, 1987.

Jay A. Meservy, Salt Lake City, for claimant and appellant.

Henry K. Chai, II, Salt Lake City, for petitioner and respondent.

HALL, Chief Justice:

Appellant appeals the district court's confirmation of an arbitration award. He challenges the validity of the award on various procedural grounds and contends

that it is not supported by the facts and the law. He also challenges the order confirming the award as not being supported by the record.

As a participant, a former trustee, and company president of the Utility Trailer Sales Retirement Plan and Trust, appellant borrowed extensively from the trust fund and secured his debts with personal notes. In March 1982, he initiated the present dispute with his successor trustees by claiming that his trust fund benefits exceeded his debts. Essentially, the dispute focused on the valuation of stock held by the trust. The trustees denied appellant's claims, supplied him with a copy of appeal rules, and requested that appellant utilize proper claim forms. In April 1982, and on several occasions thereafter, appellant declined to appeal, refused to submit proper forms, and restated his claim. Each time, the claim was denied.

On October 15, 1982, appellant formally requested arbitration pursuant to the trust agreement. Accordingly, appellant chose Richard Bunker as his representative. The trust selected John Gates as its representative, and on May 5, 1983, Robert Schramm was appointed as the third arbitrator. The arbitration proceeding was held on May 24, 1983.

On June 1, 1983, the arbitrators unanimously decided in favor of the trust. In doing so, the arbitrators concluded that appellant owed the sum of $17,239.48. Notice of their decision was given to appellant, and thereafter, the trustees petitioned the district court to confirm the arbitration award. Confirmation occurred in January 1984. In its memorandum decision, the trial court determined that none of the conditions for reversing the award set forth in Utah Code Ann. §§ 78–31–16 to –17 (1977) existed.[1]

■ It is to be observed at the outset that the law of this state favors arbitration as a speedy and inexpensive method of resolving disputes.[2] In order to serve that policy and achieve its objective, judicial review of arbitration awards should not be pervasive in scope or susceptible to repetitive adjudications, but should be limited to the statutory grounds and procedures for review.[3] As a general rule, awards will not be disturbed on account of irregularities or informalities, or because the court does not agree with the award, so long as the proceeding has been fair and honest and the substantial rights of the parties have been respected.[4] Application of the foregoing principles in this case prompts the conclu-

1. Chapter 31 of title 78 was repealed effective April 28, 1986. For present provisions comparable to those cited herein, see the Utah Arbitration Act, codified at Utah Code Ann. §§ 78–31a–1 through –20 (1987). Utah Code Ann. §§ 78–31–16 and –17 (1977) provided in pertinent part:

78–31–16. Vacating by court—Grounds.— In any of the following cases the court shall, after notice and hearing, make an order vacating the award, upon the application of any party to the arbitration:

(1) Where the award was procured by corruption, fraud or other undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that

a mutual, final and definite award upon the subject matter submitted was not made.

78–31–17. Modification by court— Grounds.—In any of the following cases the court shall, after notice and hearing, make an order modifying or correcting the award upon the application of any party to the arbitration:

(1) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing or property, referred to in the award.

(2) Where the arbitrators have awarded upon a matter not submitted to them.

(3) Where the award is imperfect in a matter of form not affecting the merits of the controversy.

2. *Robinson & Wells, P.C. v. Warren*, 669 P.2d 844, 846 (Utah 1983).

3. *Id.*

4. *Bivans v. Utah Lake Land, Water & Power Co.*, 53 Utah 601, 612–13, 174 P. 1126, 1130 (1918).

sion that appellant's contentions on appeal are without merit.

■ Appellant first contends that as a prerequisite to arbitration, he was entitled to have his claim reviewed by a special committee appointed by the company and that he was denied that internal appeal proceeding. However, while it is correct that the trust agreement provided for a review by an executive committee, appellant in the instant case waived that right when he failed to comply with procedures, demanded arbitration, and actively sought a final decision pursuant thereto.

■ Appellant next contends that the arbitration award was nullified because the trust was represented by one Neal Smith who was not an attorney, a party, or a person employed by a party, contrary to the provisions of Utah Code Ann. § 78–31–9 (1977). The record reflects that prior to the arbitration hearing, appellant lodged an objection to Smith's participation as a representative of the trust, but that he did so for an insufficient reason, namely, that Smith was not a trustee. Since section 78–31–9 does not require representation by a trustee, appellant's objection had no validity. Furthermore, appellant's claim that the arbitration award was nullified by the participation of an unauthorized participant in the hearing was not presented to nor addressed by the district court. The issue having been raised for the first time on appeal, we do not address it further.[5]

The primary issue determined by the arbitrators was the value of the stock in Brighton Bank as of September 1981. The arbitrators unanimously concluded that the stock had a value of $30 per share. Their conclusion was based upon two formal valuations, one obtained from JPS Financial Consultants placing the value at $29 per share, and the other obtained from Johnson Stewart, Inc., valuing the stock at $31 per share. In addition, the arbitrators considered a September 30, 1981 offer from

Brighton Bank to purchase the stock for $30 per share, and an October 5, 1981 offer from one Mike Crowley to purchase the same for $40 per share. Appellant contends that the arbitrators chose to ignore the offer of $40 per share made by Crowley.

■ Generally, the courts are without authority to review the action of arbitrators to correct errors or to substitute their conclusions for those of the arbitrators acting honestly and within the scope of their authority.[6] Only under statutorily designated grounds may a court vacate or set aside an arbitration award.[7]

■ In this case, appellant asserts as the statutory grounds necessary to vacate the award that the arbitrators ignored the facts, misapplied the law, and grossly violated the concepts of equity and fairness. However, the record does not bear out the assertion. There is nothing to indicate that the arbitrators did not duly consider the evidence of Crowley's offer of $40 per share. Similarly, there is nothing to indicate that the arbitrators did not also consider the fact that the offer was made after the date fixed for valuation and, more importantly, that the offer did not culminate in a sale. When weighed against all of the other evidence regarding value, the arbitrators' determination of market value appears to be fair and reasonable, and we do not disturb it by substituting our judgment for that of the arbitrators.[8]

■ Appellant's next point on appeal is that the arbitration award was not timely, his contention being that the award was not made within sixty days from the time of the appointment of the arbitrators as mandated by Utah Code Ann. § 78–31–8 (1977). We do not address the merits of this contention because having permitted the proceedings to go forward to conclusion without lodging a protest, appellant is

---

5. *Topik v. Thurber,* 733 P.2d 499 (Utah 1987).

6. *Giannopulos v. Pappas,* 80 Utah 442, 449, 15 P.2d 353, 356 (1932).

7. *Id.*

8. *See Warren,* 669 P.2d at 847.

deemed to have waived any objection of timeliness.[9]

Appellant's remaining point on appeal is that the order confirming the award is not supported by the record. He asserts that the record contains only an unsigned copy of the arbitration agreement, that the award is impeachable on its face because it is undated and makes no reference to the dates the arbitrators were appointed, and that the award contains no language purporting to make an award.

Utah Code Ann. § 78–31–20 (1977) required in part that the person moving for an order confirming an award file with the clerk the written arbitration agreement or a verified copy thereof, and the award itself. The purpose of the statute was to provide a method by which an award could be reduced to judgment by summary proceedings.[10]

In the absence of a factual dispute that a written arbitration agreement was entered into, that arbitration proceedings were had, and that an award was made without complaint until it was clear that appellant had lost,[11] the trial court appropriately concluded that the irregularities and informalities complained of did not constitute grounds for vacating the award within the contemplation of Utah Code Ann. §§ 78–31–16 and –17 (1977).

In regard to the remaining contention that the language contained in the award does not purport to make an award, we disagree. Although designated as "Conclusions," the paragraphs contained therein plainly constitute the award made by the arbitration panel. Particularly explicit is paragraph 5 thereof which reads as follows:

5. James D. Fake owes the Plan the sum of $17,239.48 including accrued interest to June 15, 1983. Interest accrues in the amount of $5.67 per day thereafter.

Affirmed. Costs to petitioner.

STEWART, Associate C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

**9.** *Ash Apartments v. Martinez,* 656 P.2d 708, 709 (Colo.Ct.App.1982); *R.E. Bean Constr. Co. v. Middlebury Assocs.,* 139 Vt. 200, 428 A.2d 306, 311–12 (1980); *see also* Utah Code Ann. § 78–31a–10 (1987).

**10.** *See Giannopulos,* 80 Utah 442 at 449, 15 P.2d at 356.

**11.** *R.E. Bean Constr. Co.,* 428 A.2d at 311–12.