## RICHARDS v. SMITH.

No. 1831. Decided August 24, 1907 (91 Pac. 683).

1. ARBITRATION AND AWARD — ARBITRATION AGREEMENT — CONSTRUCTION. An agreement, submitting to arbitration a "controversy existing between the parties," wherein plaintiff claimed that defendant was indebted to him in the sum of $55,500, as damages for not carrying out a certain agreement made between plaintiff and H., deceased, which damages defendant denied, constituted a submission of the question of the existence of the contract and the cause of action between the parties as well as the amount of damages plaintiff was entitled to recover, if any.

2. SAME — AWARD — FILING — DUTY OF ARBITRATORS — STATUTES. Revised Statutes 1898, section 3223, provides that, when a submission is made an order of court, the arbitrators may be compelled to make an award which may be enforced as a judgment, and section 3227 declares that the award must be in writing, signed by the arbitrators, or a majority of them, and delivered to the parties; that, when the submission is made an order of court, the award must be filed with the clerk, and a note thereof made on the register. Held, that it is no part of the duty of arbitrators to file their award with the clerk; such filing being required by the parties only when the party filing the award desires it to have the effect of a judgment.

3. SAME — JUDGMENT — ENTRY — AWARD — DELAY IN FILING. No time being specified by a submission to arbitrators, nor by Revised Statutes 1898, section 3227, for the filing of the award, mere delay in filing it did not deprive the court of jurisdiction to enter judgment on the award.

### ON REHEARING.

4. SAME — FILING SUBMISSION — HEARING — TIME. Revised Statutes 1898, section 3223, provides that it may be stipulated in a submission that it be entered as an order of the district court, and when so entered the stipulation cannot be revoked without the consent of both parties; that the arbitrators may be compelled by

the court to make an award, which may be enforced as a judgment, but, if the submission is not made an order of the court, it may be revoked at any time before award. *Held*, that the effect of a failure to file a submission in court before the hearing was only to permit the parties to revoke the submission, and prevent the court from acquiring jurisdiction until filed, and did not affect the right of the arbitrators to proceed to a hearing.

APPEAL from District Court, Third District; before Justice T. D. Lewis.

Action by Joseph S. Richards against Joseph F. Smith. From the judgment entered on an award of arbitrators, plaintiff appeals.

AFFIRMED. REHEARING DENIED.

*P. T. Farnsworth, Jr.,* and *Powers & Marioneaux* for appellant.

*O. W. Moyle* for respondent.

### APPELLANT'S POINTS.

It is well settled that the award is void, if it goes beyond the issues limited by the submission, where the matter *ultra vires* cannot be separated. (*White v. Arthur.* 59 Cal. 34 [citing Cald., Arb. 227-232, Morse on Arb. 340]; *Stubbings v. McGregor,* 86 Wis. 248, 56 N. W. 641; Am. & Eng. Enc. Law [2 Ed.], p. 739; *Garrow v. Nicolai* [Ore.], 32 Pac. 1037; *Carnochan v. Christie,* 11 Wheat. 446; *Tudor v. Scovell,* 20 N. W. 173; *Palmer v. Van Wyck* [Tenn.], 21 S. W. 761; *Bridge Co. v. St. Louis,* 43 Fed. 771; *Bartlett v. Bartlett & Son Co.* [Wis.], 93 N. W. 473; *Cullen v. Shipway,* 79 N. Y. S. 627; *Cothran v. Knox,* 13 S. C. 496; *Samson v. Young,* 50 N. H. 62.)

An arbitration pursuant to the statute, is in the nature of a special proceeding, and since the jurisdiction vested in the court depends entirely in the first instance, upon the written submission or agreement of the parties, the matters submitted are to be ascertained from the written language. See further as to the construction of written submissions in like cases:

*Hopson v. Doolittle,* 9 Conn. 236; *Pike v. Stalling,* 71 Ga. 860; *Scott v. Barnes,* 7 Barr. (Pa.) 134; *Solomon v. Maguire,* 29 Cal. 227.

In this proceeding the court derives its jurisdiction entirely from the statute, which must be complied with in all essential particulars. These are, first, a written submission invoking the jurisdiction, filed and made an order of court as directed by the statute; and, second, the award in. writing must be filed with the clerk and note thereof made in his register. By the concurrence of the several conditions, the court obtains jurisdiction of the subject-matter, and of the persons of the parties, and power over the arbitrators. (2 Am. & Eng. Ency. Law 723; *Ryan v. Dougherty,* 30 Cal. 219-223; *Fairchild v. Doten,* 42 Cal. 125; *Kneiss v. Holating,* 96 Cal. 617; *Pieratt v. Kennedy,* 43 Cal. 393; *Kettleman v. Treadway,* 65 Cal. 505; *Abrams v. Brennan* [Cal. App.], 84 Pac. 363; *Heslep v. San Francisco,* 4 Cal. 3; *State v. Steel,* 1 Nev. 30; *Barney v. Flower,* 27 Minn. 403; *Bent v. Erie T. & T. Co.,* 144 Mass. 165, 10 N. E. 778; *Morey v. Hardy,* 50 N. H. 24; *Burnett v. Gould,* 27 Hun [N. Y.], 366.)

Rules of pleading are not applicable in arbitration proceedings. They may be oral or written. (Morse on Arb. and Award, 52; 3 Cyc. of Law and Pro., 598.) The objection that the answer contains a negative pregnant is a formal one and unless objection is made before the trial, it will be waived and the allegation regarded as controverted in many jurisdictions. (*Elton v. Markham,* 20 Barb. [N. Y.], 347; *Lawrence v. Williams,* 1 Duer [N. Y.], 585; *Parker v. Tillinghast,* 1 N. Y. St. 295; *Doolittle v. Greene,* 32 Ia. 123; Morse on Arb. and Award, 62, 81, 82; *Hays v. Hays,* 23 Wendall 363; *Cheshire Bank v. Robinson,* 2 N. Hamp. 126; *Edwards v. Stevens,* 1 Allen 315.) Every intendment is in favor of the regularity of the proceedings and also that the arbitrators did not exceed their authority, unless the contrary is expressly shown and that all matters in dispute was settled and that only matters in dispute were settled. (Morse, Arb. and Award, 147; *Lamphire v. Cowan,* 39 Vt. 428; *Spear v.*

*Hooper,* 22 Pick. 144; *Dolph v. Clemens,* 4 Wis. 209; *Sides v. Brendburger,* 17 N. W. 114; 3 Cyc. Law & Procedure, 676.)

### STATEMENT OF FACTS.

This is an appeal taken on the judgment roll, and is from a judgment entered on an award. The written submission of arbitration upon which the award is based, omitting the title of the court, is as follows: "Pursuant to chapter 40, tit. 73, entitled 'Arbitration,' Rev. St. Utah, 1898, the above-named parties have agreed to submit, and by these presents do submit, a certain controversy existing between them, wherein said Joseph S. Richards, plaintiff, claims that said defendant is indebted to him in a sum of money, to wit, $55,500, as damages for not carrying out a certain agreement made between him and the late Bishop Edward Hunter, in regard to the purchase and sale of a certain piece of land, and which said damages said defendant denies; and they each of them have agreed to submit the question to arbitration to four disinterested persons, with privilege in said four persons to select a fifth at any time in the course of said proceedings that they may elect to do so. The four arbitrators selected and chosen are as follows: L. S. Hills and James Sharp, on the part of plaintiff, and W. W. Riter and John R. Barnes, on the part of defendant, and they four, with a fifth one above provided for, in their election, are to hear the evidence and determine the cause; and the judgment of the majority of them, whether of the four or the five, shall be binding and final upon the parties hereto. It is hereby agreed by the parties hereto that the four parties above named as aforesaid may select a fifth, either after they have heard the testimony, and find that the majority cannot agree, or they may select a fifth before they go into the testimony, and he may sit with them, and the decision of the majority shall be binding. It is hereby stipulated and agreed that this agreement be entered as an order of the district court. This arbitration shall take place on the 30th day of September, 1902, and shall be con-

cluded on or before the 1st day of December, 1902. The arbitrators may have all the powers given in said chapter aforesaid to them, and they shall act in accordance therewith. In witness whereof the parties have hereunto set their hands and seals this 6th day of August, A. D. 1902. Jos. S. Richards. Jos. F. Smith."

The submission was duly acknowledged, and, on October 2, 1902, filed with the clerk of the Third judicial district court for Salt Lake county. The arbitrators were sworn before a notary public and subscribed to an oath in writing, which was annexed to the submission and filed therewith. On October 14, 1902, the arbitrators made their award in writing, which, omitting title of court and cause, recited as follows: "Decision by Arbitrators. On the 6th day of August, 1902, the above-named parties entered into an agreement, pursuant to chapter 40, tit. 73, entitled 'Arbitration,' of the Revised Statutes of Utah of 1898, by which the above-named parties agreed to submit to arbitration a certain controversy existing between them, wherein said Joseph S. Richards, plaintiff, claimed that Joseph F. Smith, trustee in trust, defendant, was and is indebted to him in the sum of $55,500 as damages for not carrying out a certain agreement made between him, the said Joseph S. Richards, and the late Bishop Edward Hunter in regard to the purchase and sale of a certain piece of land, which said damages the said defendant denied. At the same time each of said parties agreed to submit the question to arbitration before four disinterested persons, with the privilege in said four persons to select a fifth at any time in the course of said proceedings as they might elect to do. That said four persons selected for arbitrators were L. S. Hills and James Sharp, on the part of the plaintiff, and W. W. Riter and John R. Barnes, on the part of defendant. That those four persons, on the 30th day of September, 1902, held their first meeting, and agreed then and there not to then select a fifth person, but to hear the evidence themselves, and, if thereafter they could not agree, then to make a selection of a fifth arbitrator. That on the said date plaintiff, Joseph S. Richards, introduced his case and made a

statement thereof to said arbitrators. Adjournment was then taken until the 13th day of October, 1902, when they all met again, and, the witnesses being sworn, testimony was given on both sides. The parties having submitted their testimony, and the case being closed, the undersigned arbitrators took the same under advisement, and on this 14th day of October, 1902, make, conclude, and decide in favor of the defendant that there is no cause of action, [Signed] L. S. Hills. James Sharp. W. W. Riter. John R. Barnes."

On April 18, 1904, the award was filed with the clerk of said court, and on the same day notice thereof served upon the appellant, plaintiff below. On April 22, 1904, on motion of appellant, the court made an order extending the time twenty days in which to file objections to the award and to the entry of judgment thereon. Extensions were granted from time to time for the purposes aforesaid until August 15; 1904. On August 12, 1904, appellant filed a motion to vacate the award. This motion was denied by the court April 9, 1906, and on the 29th day of September, 1906, judgment was, by order of the court, duly entered on the award.

McCARTY, C, J., after making the foregoing statement of the case, delivered the opinion of the court.

Appellant contends that "the award is void because beyond the terms of submission, in this, the arbitrators undertook to determine the right of action as matter of law, which was not submitted but conceded or reserved by the parties." That is, it is urged by appellant that the submission on its face shows that the parties conceded that the contract with respect to the sale of land existed between them, and that there was a breach of the contract, and therefore the only question for determination submitted to the arbitrators was the amount of damages. From these premises it is argued that the appellant, on the face of the submission, was entitled to at least nominal damages, and that, when the arbitrators undertook to determine whether or not a cause of action existed in favor of appellant, they exceeded their authority. As stated by counsel for appellant in their brief, the submission takes

the place of a complaint and answer and contains the admissions as well as the allegations of the parties. The "admissions" and "allegations" presenting the questions and issues submitted to the arbitrators were that the "parties have agreed to submit a certain controversy existing between them, wherein said Joseph S. Richards, plaintiff, claims that said defendant is indebted to him in a sum of money, to wit, $55,-500, as damages for not carrying out a certain agreement made between him and the late Bishop Hunter, in regard to the purchase and sale of a certain piece of land, and which damages said defendant denies." The foregoing recital in the submission shows that a certain controversy was submitted. The general rule, of course, is that submissions to arbitration are to be liberally construed; and that:

"Courts do not travel out of their way for the purpose of overturning awards, but, on the other hand, will refrain from exact and technical interpretation, and will indulge every reasonable presumption, whenever there is any room for such indulgence, in favor of the finality and validity of the award." (3 Cyc. 673.)

So construing the language contained in the written submission, we are of the opinion that it includes the questions of the existence of a contract and breach thereof, as well as the question of damages and the amount, if any, sustained; and that therefore it was within the authority of the arbitrators to determine the question whether or not a cause of action existed. It is quite true that, if the language is to be construed technically, and is to be interpreted under the rules of pleadings, there is some force to the argument that the denial portion of the written submission is simply a denial that the plaintiff was entitled to $55,500 damages. Giving it such a construction, the denial would, in effect, amount to an admission that the defendant was indebted to the plaintiff in a sum less than $55,500. But upon what theory is the submission to be construed most strongly against the defendant? It was plaintiff's document or pleading as much as it was the defendant's. Whatever was uncertain or incomplete about it was plaintiff's uncertainty as much as the defendant's. However, we do not see anything in the writing to warrant

the conclusion that the parties intended to stipulate that the contract existed, or that there was a breach thereof on the part of the defendant or the late Bishop Hunter, or that either of them was indebted to the plaintiff in any sum on account thereof. Such was not the evident intention of the parties as expressed by the obvious and natural meaning of the language used by them. The writing recites that "plaintiff claims" the defendant is indebted to him in the sum named for not carrying out a certain contract. No words are contained in the writing from which it could be fairly implied that the defendant admitted or conceded any part of the claim. Respondent by his general denied clearly negatives any present liability, and this denial is also a denial of any liability on the part of Bishop Hunter. Such is what the parties evidently intended it for and meant by it. In ascertaining the meaning and intention of the parties as expressed by the writing, we must not separate portions of it and construe parts most strongly against one or the other of the parties, but must consider and construe the writing as a whole. When so considered, we have no doubt that the finding of the arbitrators is within the issues submitted. (3 Cyc. 604.)

Appellant next contention is that the arbitration was not completed until the award was filed with the clerk, and therefore was not concluded within the time specified in the submission. The arbitrators were not required, under the statutes, to file their award with the clerk. Section 3223 of the Revised Statutes of the state of Utah, 1898, provides that, when the submission is made an order of the court, "the arbitrators may be compelled by the court to make an award, and the award may be enforced by the court in the same manner as a judgment." And section 3227, Rev. St. 1898, provides that "the award must be in writing, signed by the arbitrators or a majority of them, and delivered to the parties." An award is defined as "the judgment or decision of arbitrators or referees in a matter submitted to them." (1 Bouv. Law Dict. 205; 1 Words & Phrases, 656.) In 2 A. & E. Ency. Law (2d Ed.), 719, it is said: "The judgment of the arbitrator and also the paper on which it is

written are called an 'award.'" Therefore, it is manifest, from the very nature of an award, that it must be made and concluded before it can be filed. Section 3227, *supra*, provides that "when the submission is made an order of the court, the award must be filed with the clerk and a note thereof made on his register." No time is fixed by the statute when this must be done. It is evident, however, as we have suggested, that it cannot be done before the award is made and concluded by the arbitrators, because before it is so made and concluded there is no award to file. The purpose of making a submission to arbitration an order of the court is to give the award, when filed with the clerk and entered in the judgment book, as provided in section 3227, Rev. St. 1898, the force and effect of a judgment. When the arbitrators signed the award and delivered it to the parties, they did all they were authorized or empowered to do under the statute. It then devolved upon the parties themselves, if they, or either of thm, desired the award to have the force and effect of a judgment, to file it with the clerk and proceed in the manner pointed out in section 3227. As neither the statute nor the terms of the submission required the parties to file the award with the clerk within a specified time, the mere delay in filing, which either of the parties could have obviated, did not deprive the court of jurisdiction to enter the judgment appealed from.

And furthermore, section 3228, Rev. St. 1898, provides upon what grounds a court may vacate an award, and delay in filing an award is not one of the grounds therein specified. (*Boone v. Reynolds,* 1 Sug. & R. [Pa.] 231; *Patrick v. Batten,* 123 Mich. 203, 81 N. W. 1081.)

The judgment is affirmed, with costs.

STRAUP, and FRICK, JJ., concur.

### ON REHEARING.

FRICK, J.

A rehearing is requested in this case upon the ground that we failed to specially consider and pass upon the assignment

that the district court was without jurisdiction, for the reason that the arbitrators held a session and heard the statement of appellant's case before the agreement of submission was filed in court and before the clerk made the entries required in a statutory arbitration by section 3223, Rev. St. 1898. In view that we sustained the judgment, and, further, directly held that the court had jurisdiction, we deemed the point now made by counsel as necessarily included within our decision. In deference to counsel's request, however, we have concluded to briefly state our reasons for holding that the court had jurisdiction notwithstanding the fact that the hearing may have been entered upon before the submission agreement was actually filed in court. This we have concluded to do without the formality of a rehearing.

It appears from the opinion that the agreement of submission was duly entered into and acknowledged on August 6, 1902, and that on the 14th of said month the arbitrators duly qualified by taking the statutory oath. In the agreement of submission it is stipulated that the "arbitration shall take place" (begin) on September 30, 1902, and "shall be concluded on or before the 1st day of December, 1902." In the agreement the arbitrators were given all the powers provided for by the statutes of this state. One of the powers conferred is the right to adjourn from time to time pending the hearing. The award was reduced to writing and signed on October 14, 1902, within the time fixed by the agreement of submission. On the day fixed by the agreement of submission for the arbitration to begin, the arbitrators met, and on that day, as the record shows, the appellant "introduced his case and made a statement thereof to said arbitrators." Following this, to wit, on October 2, 1902, the agreement of submission was filed, and the clerk duly made the entries as required by law. After hearing appellant's statement of his case on September 30th, the day fixed for the arbitration to begin, the arbitrators adjourned the hearing to October 13, 1902, at which time, the record shows, they all met, "and the witnesses being sworn, testimony was given on both sides." On the

33 Utah—2

following day the award was duly made in writing, signed by all the arbitrators, as required by the statute. It will thus be seen that every requirement of chapter 40, under which the arbitration was had, was substantially complied with.

Was it necessary to file the agreement for submission before the hearing was actually entered upon? We think not. Section 3223, so far as material here, provides:

"It may be stipulated in the submission that it be entered as an order of the district court. . . . When so entered the stipulation cannot be revoked without the consent of both parties. The arbitrators may be compelled by the court to make an award, and the award may be enforced by the court in the same manner as a judgment. If the submission is not made an order of the court, it may be revoked at any time before the award is made."

When the submission is made an order of the court, then, as provided by section 3227, the award must be filed with the clerk. In neither of these sections is the time of filing mentioned or made of the essence. By section 3223 the object of filing the submission with the clerk is clearly intended for the purpose of conferring power upon the court to compel an award by the arbitrators, and to enforce it when made, and to compel the attendance of witnesses. The only effect the filing has upon the parties is that, after the submission is filed, neither party may revoke it. The object, therefore, is not for the purpose of conferring power upon the arbitrators to hear the matters submitted to them, but to bring them and the parties within the jurisdiction of the court. Therefore, from the time the submission is filed, if filed within the time fixed by the agreement for concluding the arbitration, or, if no time is fixed, before an award is made, we think the court acquires jurisdiction. But up to the time it is so filed a party may revoke the submission, and the court can neither compel the arbitrators to make an award, nor enforce it if made. If a time be specified in the submission, as in the case at bar, when the arbitration must be concluded, then it must be concluded within this time limit, or the arbitrators will lose jurisdiction to act further without the express consent of the parties. But the mere fact that the arbitrators comply

with the agreement of submission in entering upon the hearing of the matters submitted to them before the submission is filed in no way affects their jurisdiction, nor does it affect the jurisdiction of the court, provided the submission be actually filed and the proper entries made at any time within which the agreement itself is in full force and effect; that is, before the time has expired within which the arbitrators may, by the terms of the submission, make an award.

As we construe section 3223, the effect of a failure to file the submission in court is that it permits the parties to revoke it, and the court acquires no jurisdiction until it is filed. If, however, the submission is filed and the entries required by the statute are made at any time before the award is made by the arbitrators, or, in case a time is specified within which an award must be made, before such time expires, then the court acquires power to act. From the time the submission is filed, as aforesaid, the district court acquires jurisdiction of the arbitration, and the proceeding is then pending in court. After the award is rendered, either party may, at any time, as pointed out in the original opinion, file it and have judgment entered; or may attack the award upon the grounds named in the statute, and may appeal from the action of the district court to this court. By this means every right contemplated by the statute is preserved to either party and the very purpose of the submission agreement is effectuated; while, if appellant's contention were granted, any irregularity would defeat the arbitration, and thus destroy the very purpose of the statute.

We have carefully read all the cases cited by counsel upon this question, and, as we read them, nothing is contained in any of them that is contrary to the conclusions reached by us.

It follows, therefore, that the application should be, and accordingly is, denied.

McCARTY, C. J., and STRAUP, J., concur.