387 So.2d 1315 (1980)
Leon HORTON and Emily Winn Mitchell
v.
Jesse BUTLER.
No. 13465.
Court of Appeal of Louisiana, First Circuit.
July 7, 1980.
Rehearing Denied September 4, 1980.
*1316 Vanue B. Lacour, Baton Rouge, counsel for plaintiffs-appellants William Eugene Horton, Audrey Mae Horton, Leon Horton, Jr., Clifton E. Horton, Hattie Horton, Eva Thea Horton.
Robert W. Stratton, Baker, counsel for plaintiff-appellant Emily Winn Mitchell.
Walton J. Barnes, Baton Rouge, counsel for defendant-appellee Jesse Butler.
Stephen Wilson and Joseph F. Keogh, Baton Rouge, counsel for intervenor-appellee Walton J. Barnes.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge.
Dan Winn and Hattie Lipscomb Winn were husband and wife and owners in community of a house in Baton Rouge. Mrs. Winn died intestate on September 21, 1977, leaving as her sole heir at law, Leon Horton, her son by a previous marriage. On January 1,1978, the house was destroyed by fire.
Mr. Winn, who was elderly, was being cared for by Jesse Butler. Someone at the bank where Mr. Winn did business suggested that Mr. Butler get a power of attorney so that he could take care of Mr. Winn's *1317 business, and sign his checks. On about February 14, 1978, Mr. Butler consulted Walton J. Barnes, an attorney, about preparing a power of attorney. Mr. Barnes prepared a standard form general power of attorney and took it to the house where Mr. Winn was staying, where it was executed.
Mr. Butler also testified that Mr. Winn had told him to get a lawyer to help get the proceeds of the insurance policy on the house, because he wanted to build a new house. Mr. Butler also talked to Mr. Barnes about this matter and signed a contingent fee contract for the recovery of the proceeds of the policy, which provided for a 25 per cent fee if settlement was effected without suit. The contract was dated February 14, 1978, the same day as the power of attorney.
However, Mr. Butler testified on one occasion that the contract was, in fact, executed two or three weeks after the execution of the power of attorney. Later, when being examined by Mr. Barnes, he testified that he signed the contingent fee contract before the power of attorney was executed, but on the same day. Mr. Barnes also testified that the contract was signed prior to the power of attorney, but on the same day.
Mr. Winn died on February 26, 1978, leaving as his sole heir a niece, Emily Winn Mitchell.
On June 30, 1978, the insurance company paid the amount of the fire loss, $16,835.78, by a check made payable to Jesse Butler and Walton J. Barnes. These funds were deposited in an escrow account and presently remain there.
This suit was filed by Leon Horton and Emily Winn Mitchell to obtain possession of those funds from Mr. Butler. Mr. Barnes has intervened herein seeking 25 per cent thereof as the attorney fee allegedly due him under the contingent fee contract.
After trial on the merits, judgment was rendered ordering Mr. Butler to deliver three-quarters of the fund to plaintiffs, and giving Mr. Barnes judgment against plaintiff for the other one-fourth thereof. From that judgment, plaintiffs have appealed.
The record shows that there was no dispute as to the payment of the loss, although there was a delay in the payment because of personnel problems at the insurance company. The agency which wrote the policy reported the loss to the insurance company. They had no record of any negotiations with Mr. Barnes, but were aware that he had been in touch with the adjuster who appraised the loss, and Mr. Barnes' name and phone number appeared in their file.
Mr. Barnes testified that he first found the name of the insurer through the appraiser, from whom he also learned the amount of the loss. Apparently no further action on Mr. Barnes' part was taken or was necessary in order to conclude the matter.
R.S. 37:218 permits an attorney and client to enter into a contingent fee contract. The only limitations which have been placed on such a contract by the courts are that the statute envisions an "earned fee" and that the "collection of excessive amounts for which no commensurate service was performed is not vouchsafed by the provisions of the statute." Guilbeau v. Fireman's Fund Insurance Company, 293 So.2d 216 (La.App. 3rd Cir. 1974); Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978).
In this case the record before us reveals an uncontested fire loss. The only services rendered by Mr. Barnes consisted of contacting the insurance company, and accepting the check for the proceeds when it was finally paid, seven months after the fire. The contract would provide a fee of over $4,000.00 for these minimal professional services, which we think is clearly excessive. The collection of a clearly excessive fee is prohibited by Disciplinary Rule 2-106 of the Code of Professional Responsibility. We think Mr. Barnes is entitled to be compensated *1318 on the basis of the services actually rendered.
We find plaintiffs' other attacks on the validity of the contract to be without merit, but, in view of our above finding, see no need for discussion thereof in this opinion.
The judgment appealed from is therefore reversed and set aside, and the case is remanded to the trial court for the purpose of conducting a hearing to establish the value of the services rendered by Mr. Barnes on behalf of plaintiffs herein. All costs of this appeal shall be paid by intervenor Walton J. Barnes, with all other costs to await final determination hereof on its merits.
REVERSED AND REMANDED.