397 So.2d 1295 (1981)
PHARIS & PHARIS
v.
Mary Elizabeth V. RAYNER.
No. 67540.
Supreme Court of Louisiana.
April 6, 1981.
Rehearing Denied May 18, 1981.
*1296 James A. Pharis, Jr., F. Jean Pharis of Pharis & Pharis, Alexandria, for plaintiff-applicant.
Vincent Hazleton, Alexandria, for defendant-respondent.
DENNIS, Justice.
This case involves a dispute over an attorney's fee. The plaintiff law firm seeks to recover under a contingent fee contract for services rendered in protecting defendant's interest in the community formerly existing between her deceased husband and herself. The trial and appellate courts rejected the law firm's demands entirely finding that the contingent fee contract was void for lack of consent due to error of fact. After reviewing the record and the excellent unpublished opinions of our trial and appellate brothers we conclude that it is unnecessary to decide whether the contingent fee contract was valid in this case. Regardless of the validity of the employment contract, it is clear that the attorney rendered valuable services for which he should be compensated but that the fee provided by the contract would have been excessive and unreasonable under the circumstances. See Code of Professional Responsibility DR 2-106(A) and (B); Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La. 1979). Accordingly, we reverse the judgment of the court of appeal and remand the case to it with instructions to award plaintiff a reasonable fee in light of the evidence of record and the factors set forth in the Code of Professional Responsibility. See DR 2-106(B).
REVERSED AND REMANDED.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents and handed down reasons.
MARCUS, Justice (dissenting).
Having dissented in Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La. 1979), I disagree with the approach taken by the majority in this case. I agree with the courts below that the contingent fee contract was void for lack of consent due to an error of fact. However, I consider that the plaintiff law firm is entitled to recover for its services on the basis of quantum meruit. Hence, I would reverse the judgment of the court of appeal dismissing plaintiff's demands and remand the case to the trial court to fix the amount based on the record or, if necessary, to allow additional evidence relative to this issue. Accordingly, I respectfully dissent.
BLANCHE, Justice (dissenting).
I respectfully dissent. The trial and appellate courts determined that because of the absence of valid consent given by the defendant, there was no contract in existence upon which the plaintiff could sue. This writer finds no error in this determination.
Plaintiff's original petition was sufficient to allege a claim on the basis of quantum meruit. On this issue, the trial court correctly found that there was no evidence upon which to determine if plaintiff was entitled to be paid any amount on that basis, reasoning that plaintiff was apparently insisting upon the contract amount or nothing. Further, the appellate court noted that no argument on this issue was raised on appeal. It would be an exercise in futility to remand the case to the appellate court in the absence of evidence upon which to base a quantum meruit award. If the case should be remanded to the trial court, there would be no justification in giving plaintiff two bites at the apple.
The decision of the lower court should be affirmed.