David J. STANTON, Plaintiff
and Appellant,

v.

Richard K. SAKS, Defendant
and Appellee.

No. 13177.

Supreme Court of South Dakota.

Briefs Considered On May 20, 1981.

Decided Oct. 28, 1981.

David J. Stanton, pro se.

Richard K. Saks, pro se.

PER CURIAM.

Appellant, an attorney, brought this action[1] to recover $1,201.31, the unpaid portion of his $1,850 fee for representing appellee in a divorce suit. He was awarded $300.[2] We affirm.

After receiving a $500 retainer, appellant continued to settle the action on behalf of appellee. On the day set for trial, a settlement was reached. Appellant's total bill, including the retainer, was approximately $1,850. The opposing attorney charged his client approximately $675.

Appellant and appellee did not enter into a written fee agreement.[3] Appellee testified that he was under the impression that the $500 retainer would cover the entire divorce proceeding. Appellant testified, however, that he told appellee that any fee above the retainer would be billed by the hour. Appellant testified that his hourly charge was $50. Appellant also submitted an itemized statement which revealed the amount of money billed to his client for specific services. These appear to be an

1. See SDCL 16–18 app. Code of Professional Responsibility. EC 2–23.

2. See *Stanton v. Saks*, 303 N.W.2d 819 (S.D. 1981).

3. See SDCL 16–18 app. Code of Professional Responsibility. EC 2–19.

intermixture of hourly charges, charges for specific services, and charges on a flat fee basis.

■ We cannot say that the trial court clearly erred when it concluded that the oral agreement was ambiguous, that the number of hours billed for certain procedures and documents were excessive, and that appellant was entitled and restricted to an additional $300. The trial court may properly determine the amount of a reasonable fee. This Court and the trial court may be considered experts upon the value of legal services. SDCL 16–18 app. Code of Professional Responsibility DR 2–106; see *Wright v. Wright*, 58 S.D. 612, 237 N.W. 896 (1931); *Egan v. Burnight*, 34 S.D. 473, 149 N.W. 176 (1914); 7A C.J.S. Attorney and Client § 329. In determining the reasonableness of fees, the trial court was clearly guided by the Code of Professional Responsibility DR 2–106.[4] Defending most divorce actions is generally not novel or difficult and ordinarily should not involve excessive amounts of time. We find no error.

■ Appellant submits that the trial court imposed an unwarranted hardship by requiring appellant to obtain other counsel to represent him. The trial court erred in imposing this requirement; however, the appellant proposes no remedy nor can this Court now fashion a timely remedy.

The circuit court's judgment is affirmed.

**4.** SDCL 16–18 app. Code of Professional Responsibility.

DR 2–106 Fees for Legal Services.

(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.