ROBINSON & WELLS, P.C., Plaintiff
and Respondent,

v.

Barbara WARREN, Defendant
and Appellant.

No. 18413.

Supreme Court of Utah.

July 28, 1983.

Paul H. Proctor, Salt Lake City, for defendant and appellant.

David K. Robinson, Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

The district court confirmed the award of an arbitrator in a controversy between a professional corporation and a client over legal fees. The client's appeal seeks a remand to determine whether the fees met the standard of "reasonableness" specified in the Code of Professional Responsibility, a question not considered by the arbitrator. At issue are the meaning of provisions of the Arbitration Act, U.C.A., 1953, §§ 78–31–1 to –22, and the procedures to be followed in confirming awards under it.

So far as pertinent to this controversy, the written retainer agreement provided that the client would pay specified hourly rates for legal services and that any disputes arising from the relationship would be settled by arbitration pursuant to the rules of the American Arbitration Association. When a dispute arose, the plaintiff corporation first filed a civil action against the defendant for $7,145.25 in legal fees, but almost immediately thereafter abandoned the action and referred the matter for arbitration. Both parties were represented by counsel in the arbitration proceeding, which concluded with a $5,306.41

award in favor of the plaintiff, plus a direction that the defendant also reimburse the plaintiff for the $150 administrative fee paid to the American Arbitration Association. The arbitrator, John P. O'Keefe, signed the award on May 21, 1981.

On June 2, 1981, the plaintiff filed in the district court a petition and motion to confirm the award of the arbitrator. The petition and motion was accompanied by a signed and notarized copy of the arbitrator's award and an accompanying affidavit authenticating that document and relating it to plaintiff's controversy with defendant. Defendant's counsel was duly notified. After several continuances, the petition and motion was heard and granted on October 1, 1981. The written order confirming the award and granting judgment against defendant in the amount assigned therein was signed on October 17, 1981.

On October 20, 1981, defendant filed a motion whose meaning and effect provide the principal issue on this appeal. The motion was explicitly "[p]ursuant to Rule 59 ... and ... Section 78–31–16." In pertinent part, it asked the court to vacate its judgment on two grounds: (1) the arbitrator "improperly refused to hear evidence pertinent and material to the controversy" and (2) the court "is without jurisdiction over the defendant in this action" because the plaintiff "failed to comply with the jurisdictional provisions of [the Arbitration Act]." This motion was heard and denied by a written order dated March 25, 1982, and the defendant took this timely appeal.[1]

1. *Motion to Vacate.* Defendant's first argument concerns the relationship between the fee provisions in the retainer agreement and the Code of Professional Responsibility. Defendant cites ample authority to demonstrate that lawyers' fee agreements are subject to the corrective authority of the court and to the constraints of the Code of Professional Responsibility. *In re Hansen,* Utah, 586 P.2d 413, 416

---

1. Pursuant to Utah R.Civ.P. 73(a), the time for appeal of the October 17, 1981, order confirming the award of the arbitrator runs from the order denying appellant's timely motion to alter or amend that judgment under Rule 59.

(1978); *Herro, McAndrews & Porter v. Gerhardt,* 62 Wis.2d 179, 214 N.W.2d 401 (1974); *Horton v. Butler,* La.Ct.App., 387 So.2d 1315 (1980); *Stanton v. Saks,* S.D., 311 N.W.2d 584 (1981); *Kiser v. Miller,* 364 F.Supp. 1311 (D.D.C.1973), *modified on other grounds,* 517 F.2d 1237 (D.C.Cir.1974). Lawyers are forbidden from entering into fee agreements that are "clearly excessive" of what is "reasonable" for the service performed. Utah Code of Professional Responsibility DR 2–106(A) & (B) (1970).

■ Plaintiff does not contest these propositions, but maintains that the reasonableness of its fees is not before us on this appeal. In arguing this point, both parties encumber their briefs with assertions of fact about what went on in the hearing before the arbitrator for which there is no reference to the record and no support in the record. We ignore all such matters and base our decision solely upon the facts shown in the record.

■ The parties waived recording of the arbitration hearing. The only information in the record about that hearing is contained in the arbitrator's affidavit, filed with plaintiff's opposition to the postjudgment motion to vacate. The testimony or affidavit of an arbitrator is appropriate evidence to show what matters were or were not presented to and considered in arbitration. *Giannopulos v. Pappas,* 80 Utah 442, 453–54, 15 P.2d 353, 357 (1932). Here, the affidavit shows that both parties were represented by counsel at the arbitration hearing and that instead of challenging the accuracy of plaintiff's time and cost records, defendant challenged the reasonableness of the total charge on the basis that the representation was not as successful as she had expected.[2] When defendant's counsel "attempted to cite the Utah Bar Association's Code of Professional Responsibility," the arbitrator excluded the provisions of the Code from consideration as "not germane to the dispute." Defendant's counsel took no exception to that ruling. The arbitrator stated that his award was based on the evidence submitted to him on the agreed fees

(fixed by the agreement at $50 per hour for office work, $60 per hour for court work, and $20 per hour for paralegals) and the amount of time expended on the representation.

Defendant argues that the arbitrator's award should have been vacated on the statutory ground that the arbitrator was "guilty of misconduct ... in refusing to hear evidence pertinent and material to the controversy." § 78–31–16(3); *Giannopulos v. Pappas,* 80 Utah at 449–50, 15 P.2d at 356. Plaintiff maintains that defendant lost the opportunity to raise this objection in the district court or in this Court because the record shows (as it does) that defendant did not raise this objection until after the court had confirmed and entered judgment on the arbitrator's award. This issue turns on a matter of statutory interpretation of the respective functions of the motion to confirm and the motion to vacate.

[5, 6] The Territory and State of Utah have had statutory provisions for arbitration of disputes since 1884. *Bivans v. Utah Lake Land, Water & Power Co.,* 53 Utah 601, 607, 174 P. 1126, 1128 (1918). The policy of our law favors arbitration as a speedy and inexpensive method of adjudicating disputes. *Giannopulos v. Pappas,* 80 Utah at 449, 15 P.2d at 356. To that end, the Legislature amended the Arbitration Act to permit valid and enforceable agreements for arbitration of future as well as present disputes. § 78–31–1. We held that amendment constitutional in an opinion that reaffirms the strong public policy in favor of arbitration as an approved, practical, and inexpensive means of settling disputes and easing court congestion. *Lindon City v. Engineers Construction Co.,* Utah, 636 P.2d 1070 (1981). To serve that policy and achieve those objectives, judicial review of arbitration awards should not be pervasive in scope or susceptible to repetitive adjudications; it should be strictly limited to the statutory grounds and procedures for review.

**2.** *See Warren v. Warren,* Utah, 655 P.2d 684 (1982).

This spirit permeates our decisions on judicial review of arbitration awards. Thus, in *Bivans v. Utah Lake Land, Water & Power Co., supra,* we declared that as a general rule "awards will not be disturbed on account of irregularities or informalities, or because the court does not agree with the award, so long as the proceeding has been fair and honest and the substantial rights of the parties have been respected." *Id.* 53 Utah at 612–13, 174 P. at 1130. *Accord, Richards v. Smith,* 33 Utah 8, 14, 91 P. 683, 684 (1907). In the *Bivans* case, we also held that the court should not consider any objection to the appropriateness of evidence offered in the arbitration proceeding where there had been no objection that would allow the alleged defect to be cured in that proceeding. 53 Utah at 614–15, 174 P. at 1131. Similarly, in *Giannopulos v. Pappas,* 80 Utah at 449, 15 P.2d at 356, we declared:

> Ordinarily a court has no authority to review the action of arbitrators to correct errors or to substitute its conclusion for that of the arbitrators acting honestly and within the scope of their authority. The statute has provided a method by which an award thus made may be given legal sanction and reduced to judgment by summary proceedings in the nature of a motion filed in court. The statute also has designated the grounds by which the award may be vacated or set aside, and it is generally held that *no other grounds than those specified can be taken advantage of in such proceeding.* [Citations omitted; emphasis added.]

*See Richards v. Smith,* 33 Utah at 16, 91 P. at 685. These general principles guide us in interpreting the intent of the various statutory provisions for judicial review.

In successive provisions whose entire text is set out in the footnotes, our Arbitration Act permits a motion to confirm an arbitrator's award within three months[3] and a motion to vacate[4] and a motion to modify or correct[5] within the same period of time. § 78–31–18. The relationship among these remedies when more than one is pursued is crucial in this case, which turns on whether a motion to vacate can be brought forward after the court has already granted a motion to confirm the award. We conclude that it cannot.

Section 15 directs that the court "shall grant" the order confirming the award "unless the award is vacated, modified or cor-

**3.** [§] 78–31–15. Confirmation or modification by court on motion.—At any time within three months after the award is made, unless the parties shall extend the time in writing, any party to the arbitration may apply to the court for an order confirming the award, and the court shall grant such an order, unless the award is vacated, modified or corrected as provided in the next two succeeding sections [78–31–16, 78–31–17]. Notice in writing of the motion must be served upon the adverse party, or his attorney, five days before the hearing thereof.

**4.** [§] 78–31–16. Vacating by court—Grounds.—In any of the following cases the court shall, after notice and hearing, make an order vacating the award, upon the application of any party to the arbitration:

(1) Where the award was procured by corruption, fraud or other undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbe-

havior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

Where an award is vacated, and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.

**5.** [§] 78–31–17. Modification by court— Grounds.—In any of the following cases the court shall, after notice and hearing, make an order modifying or correcting the award upon the application of any party to the arbitration:

(1) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing or property, referred to in the award.

(2) Where the arbitrators have awarded upon a matter not submitted to them.

(3) Where the award is imperfect in a matter of form not affecting the merits of the controversy.

The order must modify and correct the award so as to effect the intent thereof.

rected" as provided in sections 16 and 17. In context, including the specific requirement of written notice to the adverse party, this section apparently contemplates that any motions to vacate, modify, or correct will be before the court when it rules on the motion to confirm. This is the procedure exemplified in the leading case of *Giannopulos v. Pappas, supra,* where the motion to vacate was filed along with a verified answer to the motion to confirm. 80 Utah at 446, 15 P.2d at 354–55. This same procedure was followed under our earlier arbitration statute in *Richards v. Smith,* 33 Utah at 13, 91 P. at 684, and is specified under the provisions of the Uniform Arbitration Act (an improved, modern version of the Act adopted in Utah in 1925). *Audette & Sons, Inc. v. LaRochelle,* Me., 373 A.2d 1226, 1227 (1977).

■ This construction is further confirmed by the provision directing entry of a conforming judgment or decree upon granting of an order "confirming, modifying, correcting or vacating an award," § 78–31–19, since that direction apparently contemplates that the court would consider such motions together rather than in succession. Otherwise, the procedures, hearings, and action of the court in the motion to confirm could be held for naught and the whole process repeated. We do not readily infer a legislative intent to squander scarce judicial time in this manner. Although there is no express provision to this effect, we hold that the fair intendment of the Arbitration Act bars the filing of motions under sections 16 and 17 once the court has entered a judgment confirming the award under section 15.[6] This construction facilitates the limited scope of review and the considerations of finality sought to be served by our policies on judicial review of arbitration awards.

■ For the reasons explained above, defendant's motion to vacate the arbitrator's award was out of time. The order denying that motion will be affirmed.

■ 2. *Motion for New Trial.* Plaintiff contends that the motion for new trial or to amend the judgment under Rule 59 does not apply where the district court proceeding was only a hearing on a motion to confirm an arbitration award. We disagree. As is evident from the content of sections 15 to 17 of the Arbitration Act, §§ 78–31–15 to –17, the proceedings leading to confirming, vacating, or modifying an arbitrator's award can involve evidentiary hearings as well as legal questions. As it relates to the issues of fact and law in the district court proceedings, the content of Rule 59 is fully applicable. This interpretation is confirmed by *Giannopulos v. Pappas, supra,* where the relief given by our decision was to grant a new trial of the district court proceeding to confirm or vacate the arbitrator's award.

■ At the same time, however, Rule 59 should not be applied to alter the nature of the district court proceeding, which is simply a proceeding to confirm or vacate or modify the arbitrator's award. That is the only "trial" to which the motion for new trial is addressed. It is not addressed to the hearing before the arbitrator. Viewed in that light, some of the grounds for relief under Rule 59 are inapplicable to a district court proceeding to confirm, vacate, or modify an arbitrator's award, but others are fully applicable.

■ In this case, we find no circumstances in the proceedings of the district court that apply to any of the grounds for new trial under Rule 59. Defendant's claim that the district court was without jurisdiction because plaintiff failed to comply with

---

**6.** Section 78–31–18, which provides that motions to vacate, modify, or correct shall be served within three months, is not to the contrary. For the reasons discussed in the text, we interpret that provision as a statutory maximum, not as a guaranteed minimum that permits the filing of such motions after the granting of a motion to confirm.

Section 78–31–18 is inapplicable on the facts of this case in any event, since defendant's motion to vacate was filed more than three months after the arbitration award was filed or delivered. Such a delay has also been held to constitute a waiver of the right to challenge the award under the comparable provision of the Uniform Arbitration Act. *Schroud v. Van C. Argiris & Co.,* 78 Ill.App.3d 1092, 1095, 34 Ill. Dec. 428, 430, 398 N.E.2d 103, 105 (1979).

the jurisdictional provisions of the Arbitration Act would, if correct, constitute an "error in law" under Rule 59(a)(7), but this claim is without merit. By appearing generally in the arbitration proceeding and in the hearing on plaintiff's motion to confirm the award, defendant submitted to the jurisdiction of the district court and cannot contest that jurisdiction as a basis for a new trial. *Barber v. Calder,* Utah, 522 P.2d 700, 702 n. 4 (1974); *Johnson v. Clark,* 131 Mont. 454, 311 P.2d 772 (1957). The application of this general rule on civil actions to a district court proceeding to confirm, vacate, or modify an arbitrator's award is consistent with the general rule that such proceedings are summary proceedings that can be commenced by motion or petition, without service of summons or formal pleadings. *Cutler Associates, Inc. v. Merrill Trust Co.,* Me., 395 A.2d 453, 455 (1978).

The other contentions of the parties are all subsumed in the foregoing rulings.

The judgment confirming the arbitrator's award and the order denying the posttrial motions are affirmed. Costs to respondents.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.