517 So.2d 222 (1987)
THIBAUT, THIBAUT, GARRETT AND BACOT
v.
SMITH AND LOVELESS, INC.
No. CA 86 1217.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
*223 John R. Tharp, Baton Rouge, for plaintiff-appellee Thibaut, Thibaut, Garrett and Bacot.
Jack M. Alltmont, Alan D. Ezkovich, New Orleans, for defendant-appellant Smith and Loveless, Inc.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Plaintiff, Thibaut, Thibaut, Garrett & Bacot (the Thibaut firm), filed suit against Smith & Loveless, Inc. (Smith & Loveless), for $6,347.64, the balance of attorney fees allegedly due it for legal services rendered. Smith & Loveless, a foreign corporation domiciled in Kansas, filed a reconventional demand, claiming the Thibaut firm had retained excessive fees out of the debt it recovered for Smith & Loveless.
The dispute arose out of the terms of the fee agreement between the parties. The Thibaut firm claims that Smith & Loveless agreed to retain it on a 10% contingency fee basis, with an initial $2,500.00 retainer and a subsequent hourly rate of $125.00 an hour to be credited toward that contingency fee. Smith & Loveless, however, maintains that the Thibaut firm agreed to represent it solely at an hourly rate of $125.00 an hour. The parties stipulated that the Thibaut firm expended 26 hours of work which resulted in recovery of $243,354.00, the full amount due Smith & Loveless, without the necessity of filing suit.
The trial court rendered judgment in favor of plaintiff, which brought the total fee received by the Thibaut firm from Smith & Loveless to approximately $24,336.00. Defendant has appealed, raising eleven assignments of error.

FACTS
Smith & Loveless, a manufacturer of sewage treatment and transfer equipment, sought to retain Louisiana counsel to collect on an account regarding a public works project at the town of Ball, Louisiana. Defendant's local manufacturer's representative, who had separately retained the Thibaut firm on an hourly basis of $100.00 an hour, referred Mr. William R. Woods, manager of contract administration for Smith & Loveless, to the Thibaut firm.
*224 The initial contact was made on February 27, 1984, when a telephone conversation was had between Mr. Ronald J. Schumacher, credit and collection manager for Smith & Loveless, and Mr. Samuel A. Bacot of the Thibaut firm. Pursuant to a second telephone conversation occurring the following day, Mr. Woods sent Mr. F. Randall Garrett, who handled the matter for the Thibaut firm, a package of documents relating to the claim for his review.
Another telephone conversation took place on March 28, 1984, when Mr. Garrett advised Mr. Woods that an affidavit would be needed to file a lien on the project. Apparently, the first discussion of attorney fees was had during this conversation. Mr. Woods testified that Mr. Garrett advised him that 10% attorney fees could be recovered under Louisiana public works law as long as they are fully substantiated. Mr. Garrett also advised that his firm's fee for handling the matter would be $125.00 an hour plus a $2,500.00 retainer. Mr. Garrett testified that he and Mr. Bacot had previously discussed the fee arrangement, and that they had decided to charge Smith & Loveless 10% of the amount collected, with an "interim, ongoing 125 an hour during the course of our collection efforts to assure that we did not find ourselves in a cash flow situation."
Mr. Woods subsequently sent the required affidavit to Mr. Garrett, along with a check for the $2,500.00 retainer. This check was deposited by the Thibaut firm. Mr. Woods' cover letter, dated the same day as the telephone conversation about the fee, asked for written confirmation as to the Thibaut firm's representation of Smith & Loveless, which confirmation was never given, and read, "I also wish to confirm at this time that your hourly rate for handling this type of legal effort is $125.00 an hour."
On April 27, 1984, Mr. Woods met personally with Mr. Garrett and Mr. Bacot at the Thibaut firm's office in Baton Rouge. Mr. Garrett and Mr. Bacot both testified that the 10% attorney fees were discussed at length at this meeting. The record reflects that Mr. Woods understood the discussion to mean that although 10% attorney fees are authorized by statute, Smith & Loveless would probably not recover them from the bonding company involved in the Ball, Louisiana project. He did not interpret their conversation as a 10% contingency fee arrangement between Smith & Loveless and the Thibaut firm. Mr. Woods also testified that Smith & Loveless's policy in retaining outside counsel had long been on an hourly basis.
Mr. Garrett proceeded to negotiate with counsel for the insurance company that had issued the public work performance and payment bonds. After evaluating Smith & Loveless's claim, the insurance company offered to pay the entire amount. Counsel for the insurance company testified that "the claim was very routine." Payment was made by two checks totaling $179,883.60 made payable to "Smith & Loveless, Inc. & F. Randall Garrett, Esq." These checks were endorsed by Mr. Garrett and deposited in the Thibaut firm's account. Mr. Garrett then forwarded a check to Smith & Loveless for $164,395.24 out of the firm's client account, having deducted 10% attorney fees and credited the $2,500.00 retainer. After defendant objected to this disbursement, a third check in the amount of $63,476.49 was remitted to Smith & Loveless from the bonding company. Smith & Loveless ultimately sent a demand letter to the Thibaut firm for the return of the excessive fee. This suit by the Thibaut firm for the balance of the 10% contingency fee from this last check followed.

LAW
It is obvious that there was a misunderstanding between the parties as to whether plaintiff's fee was to be on an hourly or contingent basis or both. However, after reviewing the record we conclude that it is unnecessary to decide whether there was a valid contingency fee contract in this case. Regardless of the validity of the contract, it is clear that the Thibaut firm rendered valuable services for which it should be compensated but that the fee provided by the alleged contract would have been excessive and unreasonable under the circumstances. *225 Code of Professional Responsibility DR 2-106; Pharis & Pharis v. Rayner, 397 So.2d 1295 (La.1981), on remand, 406 So.2d 723 (La.App. 3d Cir.1981).
The prohibition against a lawyer accepting a "clearly excessive" fee cannot be abrogated by a law fixing the amount of attorney fees as a percentage of the amount to be collected. City of Baton Rouge v. Stauffer Chemical Company, 500 So.2d 397 (La.1987); Central Progressive Bank v. Bradley, 502 So.2d 1017 (La. 1987). Therefore, although Louisiana public works law may authorize 10% attorney fees, these fees are subject to review and control by the courts to determine excessiveness. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978); Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982).
In this case the record before us reveals an uncontested payment of an account due. The services rendered by the Thibaut firm consisted mainly of contacting counsel for the insurance company, dictating a lien affidavit to Smith & Loveless, transmitting the paperwork, and ultimately receiving the payment. We consider a fee of $24,336.00 clearly excessive for these professional services. See Horton v. Butler, 387 So.2d 1315 (La.App. 1st Cir.1980), writ denied, 394 So.2d 607 (La.1980). Since we find merit in this argument, defendant's other assignments of error are pretermitted.
Proof of the value of an attorney's services is not necessary where the services are evident from the record. Richard v. Broussard, 482 So.2d 729 (La. App. 1st Cir.1985). However, the record does not reflect that an evidentiary hearing was held to determine the reasonableness of the fee. The stipulation that 26 hours of work were spent is not sufficient by itself to determine a reasonable fee. It is apparent that all available evidence to justify the fee has not been placed of record. In such a situation, this court has authority, in the interest of justice, to remand for an evidentiary hearing. La.C.C.P. art. 2164; Richard, 482 So.2d at 735. At the evidentiary hearing, the trial court shall fix a reasonable attorney fee after considering the factors set forth in DR 2-106 of the Code of Professional Responsibility.
Accordingly, the judgment appealed from is reversed and set aside, and the case is remanded to the trial court for the purpose of conducting a hearing to establish the value of the services rendered by the Thibaut firm on behalf of Smith & Loveless. All costs of this appeal are to be paid by plaintiff-appellee.
REVERSED AND REMANDED.