COOKS, Judge.
This case arose from a contract dispute over the payment of contingency fees for legal services. The parties are the law firm of Davidson, Meaux, Sonnier, McElli-gott and Swift (hereinafter Davidson), who filed this action against the Domiciliary and Ancillary Receivers from California and Texas, respectively, representing the now defunct Mission National Insurance Company.
ISSUE
The sole issue presented is whether the trial judge erred in granting a Motion for Summary Judgment in favor of Davidson. We conclude entry of Summary Judgment in this case was clearly erroneous considering the nature of the defenses and claims specially raised by the Receivers in Answer, Reconventional Demand, and Opposing Affidavit.
FACTS AND PROCEDURAL HISTORY
The dispute originates from an oil rig accident which occurred in 1983, fatally injuring two workers. As alleged in pleadings, the accident was caused by a defective spinning chain sold by Gearench, Inc. In effect were two (2) policies covering the liabilities of Gearench: One issued by Travelers Insurance Company for Three Hundred Thousand and No/100 Dollars ($300,-000.00), as primary insurer; and the other by Mission National Insurance Company for Ten Million Dollars ($10,000,000.00), as excess insurer.
According to the record, it is customary in the insurance industry for the primary *1040 carrier to undertake full responsibility in defending the insured and to subsequently demand from the excess carrier only its “pro rata” share of the defense cost. Keeping with this practice, Travelers retained Davidson to defend Gearench in several wrongful death suits filed by the families of the deceased workers. Davidson answered the suits on behalf of Gearench and filed cross-claims for full indemnity against Columbus-McKinnon, the manufacturer of the defective chain. Prior to trial Gearench agreed to pay Two Million Dollars ($2,000,000.00) in damages to all plaintiffs in the pending suits, expressly reserving its indemnity rights against Columbus-McKinnon. Travelers paid Three Hundred Thousand and No/100 Dollars ($300,-000.00), in partial settlement satisfaction, constituting the full face value of the primary policy. Mission paid the balance of the settlement, tendering One Million Seven Hundred Thousand and No/100 Dollars ($1,700,000.00) as excess carrier.
Next, Gearench actively pursued the cross-claim already filed against Columbus-McKinnon, seeking full indemnity of the Two Million Dollars ($2,000,000.00) paid to the victims’ families. Travelers, as primary insurer, continued the initial contractual arrangement with Davidson agreeing to pay an hourly rate for legal service, plus expenses, incurred in connection with Gear-ench’s indemnity litigation. The U.S. District Court awarded Gearench judgment against Columbus-McKinnon for the total amount of settlement, which included the subrogated portions paid by Travelers and Mission, plus interest. Columbus-McKinnon lodged an appeal seeking to set aside the judgment.
While the appeal was pending, Mission entered receiverships in California, its place of domicile, and in Texas, where it maintained substantial business connections. A Domiciliary Receiver in California and an Ancillary Receiver in Texas were appointed to conduct the business operations and other affairs of Mission.
Ostensibly exercising valid authority, the Texas Receiver contacted and subsequently employed Davidson to protect Mission’s interest in the Gearench Indemnity action against Columbus-McKinnon. The Receiver agreed to pay Davidson a twenty-five percent (25%) contingency fee on the total recovery. As evident from our discussion below, we are not called at this juncture to resolve any conflict regarding the actual “authority” of the Texas Receiver to execute a valid contingency contract with Davidson.
Six (6) weeks after Davidson acknowledged acceptance of the employment contract, the U.S. Fifth Circuit Court of Appeal remanded the indemnity action to the District Court for written findings addressing the “reasonableness of the amount” paid by Gearench in settlement. Molett v. Penrod Drilling Co., 826 F.2d 1419 (5th Cir.1987). Following instructions, the District Court issued findings of fact and reinstated the judgment awarding full indemnity to Gearench. Columbus-McKinnon filed a second appeal. The U.S. Fifth Circuit Court of Appeal vacated the judgment and remanded the case for determination of the District Court’s “subject matter” jurisdicr tion over the controversy. Molett v. Penrod Drilling Co., 872 F.2d 1221 (5th Cir., 1989). Concluding it had jurisdiction in the case, the District Court again issued judgment in favor of Gearench. Following Columbus-McKinnon’s third appeal, the Appellate Court affirmed the judgment recognizing Gearench’s entitlement to full indemnity of the Two Million Dollars ($2,000,-000.00) settlement, plus accrued interest. Columbus-McKinnon eventually paid the judgment in full with interest.
Davidson sent a letter to the Texas Receiver expressing intent to issue a disbursement draft from the judgment proceeds to the Receivers for Mission’s share, less Five Hundred Forty Three Thousand Three Hundred Eighty Two and No/100 Dollars ($543,382.00) in attorneys fees. We note, Travelers paid Davidson Sixty One Thousand Nine Hundred Seventy Six and 10/100 Dollars ($61,976.10) -for hourly fees charged during Geareneh’s indemnity litigation, which included a claim for Mission’s portion. In turn, Travelers billed Mission the customary pro rata share of Fifty Thousand Eight Hundred Twenty and
*1041 40/100 Dollars ($50,820.40) for Davidson’s services.
Learning of the proposed disbursement, the California Receiver promptly objected to the fee payment citing that: (1) The Texas Receiver lacked authority to execute the contingency contract; (2) the contract was void for “error and mistake” because the Texas Receiver was not aware of the hourly fee agreement between Davidson and Travelers which allegedly retained the firm to pursue full indemnity from Columbus-McKinnon, including Mission’s portion; and (3) the contingency fee amount was “excessive and unreasonable.”
Davidson filed a “Petition for Concursus and/or Declaratory Judgment” naming both the Texas and California Receivers as defendants and seeking judicial recognition of its alleged ownership rights to the disputed fees. The Receivers responded by filling “Answer and Reconventional Demand” urging the contract was void; or alternatively the resulting fees were unreasonable and excessive in violation of Rule 1.5(a) of the Rules of Professional Conduct of the Louisiana State Bar Association.
The Receivers forwarded to Davidson several discovery pleadings designed, in part, to elicit information regarding the disclosures made by Davidson to the Texas Receiver prior to execution of the contract and the actual time spent by Davidson in separate pursuit of Mission’s subrogated claim. Davidson failed to answer interrogatories propounded or produce documents requested within the legal delays allowed, forcing the Receivers to file a Motion to Compel Discovery. Before the motion was assigned for hearing, Davidson filed and fixed for hearing a Motion for Summary Judgment. The Receivers quickly filed a Motion for Continuance, requesting that the hearing on the summary motion be delayed until completion of discovery. The trial court elected to proceed and subsequently granted Summary Judgment in favor of Davidson, dismissing the Receivers’ motions for continuance and to compel discovery as moot.[1] This appeal followed.
LAW AND ANALYSIS
It is well settled that rendition of Summary Judgment should occur only if there are no genuine issues of material fact, and the mover is entitled to judgment as a matter of law. Guidry v. Peoples, 534 So.2d 998 (La.App. 3rd Cir.1988); Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Louisiana Code of Civil Procedure Article 966. Any doubt regarding the existence of a material issue of fact must be resolved in favor of allowing trial on the merits. Chaisson, supra.
The prohibition against lawyers . charging clearly excessive or unreasonable fees extends to contingency contracts. Thibault v. Smith & Loveless, Inc., 517 So.2d 222 (La.App. 1st Cir.1987); Pharis & Pharis v. Rayner, 397 So.2d 1295 (La.1981); Louisiana Rules of Professional Conduct, Rule 1.5(a). While attorneys may contract with clients to provide legal services for a contingent fee calculated upon the amount recovered or preserved, still the resulting fee must be examined to determine whether it is commensurate with the actual legal services provided; and whether an ordinary prudent attorney would find the fee excessive. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979). The Louisiana State Bar Association has set forth in Rule 1.5(a) of The Code of Professional Conduct the following guides to assist courts in determining the reasonableness of fees, including those contingent on the outcome of the litigation:
“(1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal services properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
*1042 (3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.”
Apparently acknowledging “some issues of fact” existed, the trial judge found all the issues were not material to ultimate resolution of the case. Mentally maneuvering through obvious factual disputes, the judge reasoned the only material issues in the case were whether the contract complied with State law and whether the fees were reasonable. Finding the contract in accordance with State law, the trial judge concluded the fees were reasonable based solely on examination of the “results obtained and the length of the negotiation.” We find this approach too narrow in scope. It curtails the trial court’s duty to examine other factors required in determining the reasonableness of fees, including the extent of the legal services actually performed in the case. The pleadings sufficiently raise a disputed issue regarding the “extent” of Davidson’s legal services. Pretermitting consideration of any question regarding the “validity” of the contract or the “authority” of the Texas Receiver to engage Davidson’s services, we must conclude a genuine issue of fact exist concerning the “time and labor” invested by Davidson in pursuit of Mission’s interest.
Furthermore, it is expressly within the province of Appellate Courts to scrutinize and regulate attorney-client relations and prevent the imposition of unjust fees. Louisiana Rules of Professional Conduct, Rule 1.5; Louisiana Constitution Article 5 and 5(B); Ruston State Bank & Trust v. Streeter, 545 So.2d 1255 (La.App. 2nd Cir.1989); Fowler v. Jordan, 430 So.2d 711 (La.App. 2nd Cir.1983). The record does not contain all available evidence tending to establish or disprove the reasonableness of Davidson’s fee. Davidson did not voluntarily produce this evidence; and the Receivers were improperly prevented from obtaining it. The trial judge’s abbreviated review of the factors listed above resulted in premature dismissal of the case and the absence of a complete record for our review on appeal.
We find material issues of fact exist, which if established, may affect the outcome of the litigation. We express serious reservation concerning the reasonableness of Davidson’s fee based on the present record, particularly considering the duplication of fees which may result from Mission’s pro rata obligation to reimburse Travelers and noting the amount of fees charged Mission in comparison to the hourly fee charged Travelers allegedly for the same or similar work. The trial court simply erred in granting the Summary Judgment preventing full evidentiary hearing on all issues.
CONCLUSION
For the reasons assigned, the Summary Judgment is reversed and the case is hereby remanded for further proceedings. Costs are assessed against Appellee.
REVERSED AND REMANDED.
GUIDRY and STOKER, JJ., concur in the result.

. To this complex scenario is added a disclosure, in brief by Davidson, that Travelers also insured Columbus-McKinnon, the manufacturer ultimately held liable for the oil rig accident. Again, we are not required to determine the significance of Travelers’ "conflicting interests” in the outcome of the litigation as it relates to the fee contract.